## Waters *versus* Wing.

1. A witness in her deposition taken at Meadville, Pa., stated that she resided at Saratoga, N. Y. The party offering it at trial might rely upon the presumption that she was beyond the jurisdiction of the court, and the deposition was admissible without serving or attempting to serve a subpœna on her.

2. In an action whose *gravamen* is negligence, it is the duty of the plaintiff to show a case clear of contributory negligence. There must be shown a primâ facie case resulting exclusively from the wrong of the defendant, before he can be called to answer.

3. The plaintiff's horse was killed by the shaft of the defendant's carriage

[Waters *v.* Wing.]

running into him, both being on a public highway. The defendant asked the court to charge: "That the defendant had a right to be on the public highway, and if the jury believe that at the time of the alleged accident he was travelling in an ordinary manner, he is not liable for an injury resulting from such use of the public thoroughfare." *Held,* that the point should have been affirmed.

October 22d 1868. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Crawford county :* No. 78, to October and November Term 1868.

This was an action on the case, to November Term 1866, by D. O. Wing against Nelson Waters, for negligence of the defendant, which resulted in the death of the plaintiff's horse.

On the 3d of October 1866, in daytime, a number of young men were riding on horseback from Saegertown towards Meadville, on the public road: one of them, the son of the plaintiff, was riding the horse which was killed. The defendant was driving a buggy in the opposite direction; the shaft of the defendant's buggy ran into the plaintiff's horse and killed him. The evidence as to the circumstances was somewhat conflicting, both as to the negligence of the defendant and the contributory negligence of the rider of the horse.

The defendant offered the deposition of Eliza D. Ham, taken in Meadville on the 12th of December 1867, with a cross-examination by the plaintiff's counsel. It appeared on the face of the deposition that when it was taken, the witness was a married woman and lived at Saratoga Springs, N. Y.; that at the time of the accident she lived at Cory, Warren county, Pennsylvania. The plaintiff testified also that the witness's father lived at Columbus, Warren county, that before taking the deposition he went to her father's to inquire for her as a witness, and the father said she lived at Saratoga; that he did not know where she then was, and had not seen her since the accident. The plaintiff objected to the admission of the deposition because there was no proof that the witness did not reside in the county. The objection was sustained by the court, the deposition rejected, and a bill of exceptions sealed.

The plaintiff asked the court to charge, "That where concurrent negligence is alleged as a defence in an action of this kind, it must be clearly proven by the defence; in other words, the party who alleges negligence must prove it clearly to the satisfaction of the jury." The court affirmed this point.

The defendant asked the court to charge:—

"3. That the defendant had a right to be on the public highway, and if the jury believe that at the time of the alleged accident he was travelling in an ordinary manner, he is not liable for

[Waters *v.* Wing.]

an injury resulting from such use of the public thoroughfare."
This point the court (Johnson, P. J.) declined to affirm.

There was a verdict for the plaintiff for $150.

On writ of error by the defendant, he assigned for error the
rejection of the deposition and the answers to the points.

*J. Douglass* and *J. R. Bole*, for plaintiff in error, cited as to
the rejection of the deposition, Pettibone *v.* Denninger, 1 W. C.
C. R. 215; Schoneman *v.* Fegely, 7 Barr 433; Hoffman *v.* Kis-
singer, 1 W. & S. 277; Pennock *v.* Freeman, 1 Watts 401; Ran-
kin *v.* Cooper, 1 P. A. Browne 13. If there was carelessness in
the rider contributing to the accident even in the slightest degree,
the plaintiff must fail: Catawissa Railroad *v.* Armstrong, 13
Wright 186; Heil *v.* Glanding, 6 Id. 493; Railroad *v.* Norton,
12 Harris 465.

*F. P. Ray* and *A. B. Richmond,* for defendant in error.

The opinion of the court was delivered, October 29th 1868, by

THOMPSON, C. J.—1. We have no hesitation in determining
that the deposition of Eliza D. Ham was competent testimony,
without showing the service of, or attempting to serve, a subpœna
upon her. In her examination she stated her residence to be in
the state of New York, at Saratoga. It thus appears that she
was but temporarily in Crawford county when her deposition was
taken, and, at all events, that her residence was out of the juris-
diction of the court. Both parties knew this, for she was cross-
examined by the plaintiff's attorney, as we learn, and her deposi-
tion in which this was stated was on file. The defendant might
rely on the presumption that she was out of the jurisdiction of
the court until there was some good reason to presume the con-
trary. This was not shown, and to take out a subpœna for her
under such circumstances, would have been a vain act, which the
law never requires the performance of. This view is fully sus-
tained by Pennock *v.* Freeman, 1 Watts 401, if any authority
were needed. This assignment of error is therefore sustained.

2. We likewise think the answer of the learned judge to the
plaintiff's point was not well considered. It is the duty of a
plaintiff seeking to recover, where the *gravamen* of the action is
the alleged negligence of the defendant, to show a case clear of
contributory negligence on his own part. In other words, he
must establish a primâ facie cause of action, resulting exclusively
from the negligence and wrong of the defendant, before the latter
need answer at all. The learned judge went too far, therefore,
we think, in holding, as he did in effect, in his answer to the
point, that the plaintiff was not holden to such a rule, and that
the defendant must disprove care, and thus establish negligence

[Waters *v.* Wing.]

on part of the plaintiff. This would be so in a primâ facie case on part of the plaintiff. But he should have so answered the point that the jury might have been left free to consider the defects in the plaintiff's case. If ever there was a case in which this was a duty, it was in this case. The accident occurred in open day, on a broad public highway, by a rider running his horse so hard upon the shaft of a buggy, driven at an ordinary gait, as instantly to kill the horse, though there was plenty of room to pass without obstruction. We think the charge in the particular complained of, was not an adequate presentation of the law, and that the error is sustained.

3. We also think there was error in the answer of the court to the defendant's 3d point. It was certainly true, as the point claimed, " that the defendant had a right to be on the public highway, and if the jury believed that at the time of the alleged accident he was travelling in an ordinary manner, he was not liable for an injury resulting from such use of the public thoroughfare;" yet this was negatived by the learned judge, for what reason we do not see. This was error, therefore, which needs no argument to prove.

For these reasons the judgment is reversed, and a *venire facias de novo* is awarded.