# Haertel, Appellant, v. Pennsylvania Light & Power Company.

*Negligence—Electric light and power company—Live wires—Death—
Evidence—Nonsuit.*

While electric companies are bound to use the highest degree of care practicable to avoid injury to everyone who may be in lawful proximity to their wires, yet the ordinary person is held to know that danger attends contact with electric wires, and it is his duty to avoid them so far as he may. If one heedlessly brings himself in contact with such wire, and is injured in consequence, his imprudence must be regarded as a contributing cause, and will prevent a recovery.

In an action against an electric light and power company to recover damages for death, where the only witness to the occurrence testifies that when he observed the deceased from the pavement below, the latter was upon the roof of a building holding by his left hand a wire which was stretched along the wall of an adjoining building and secured against it by brackets, the wire being about breast high from the level of the roof, and the evidence reflects no light as to how or under what circumstances the deceased came in such contact with the wire, a nonsuit is properly entered.

Argued Nov. 12, 1907. Appeal, No. 188, Oct. T., 1907, by plaintiff, from order of C. P. No. 3, Allegheny Co., May T., 1905, No. 126, refusing to take off nonsuit in case of Martha Haertel et al., by their Guardian, the Mercantile Trust Company of Pittsburg, v. Pennsylvania Light & Power Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's father.

At the trial it appeared that on July 9, 1904, Theodore Haertel, a tin and slate roofing contractor, went upon the roof of a building which he was constructing and came in contact with an imperfectly insulated electric wire of the defendant company, and was instantly killed. The details of the accident are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*R. B. Petty*, with him *W. F. Petty*, for appellants.—There was sufficient evidence of defendant's negligence : Morgan v. Electric Co., 213 Pa. 151 ; Giraudi v. Electric Impr. Co., 107 Cal. 121 ; Devlin v. Beacon Light Co., 192 Pa. 188 ; Suburban Elec. Co. v. Nugent, 6 Amer. Elec. Cas. 238.

The present case falls squarely within the rule twice laid down in the cases of Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540 ; s. c., 207 Pa. 118.

The principle laid down in the following cases governs the present case, and makes the question of contributory negligence one for the jury : P. & R. R. R. Co. v. Hummell, 44 Pa. 375 ; Coolbroth v. Penna. R. R. Co., 209 Pa. 433 ; Cohen v. Phila. & Reading R. R. Co., 211 Pa. 227 ; Alexander v. Nanticoke Light Co., 209 Pa. 571 ; Emery v. Phila., 208 Pa. 492 ; Delahunt v. United T. & T. Co., 215 Pa. 241 ; McLaughlin v. Louisville Electric Light Co., 100 Ky. 173 ; Geismann v. Missouri Edison Electric Co., 173 Mo. 654 ; Ennis v. Gray, 87 Hun (N. Y.), 355 ; Daltry v. Electric Light, etc., Co., 208 Pa. 403 ; Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540 ; Griffin v. United Electric Light Co., 164 Mass. 492.

*J. Rodgers McCreery*, with him *Robbin B. Wolf*, for appellee.—There can be no inference of negligence from the mere fact of the injury : Borough of Easton v. Neff, 102 Pa. 474 ; Zahniser v. Penna. Torpedo Co., 190 Pa. 350.

The nonsuit in this case is ruled by Smith v. East End Electric Light Co., 198 Pa. 19.

Haertel may not have known that the wires were at that time carrying a current of dangerous intensity, but he was presumed to know that they were dangerous, and he could not wantonly, or thoughtlessly, place himself in a position of danger and be freed from responsibility for the consequences : Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540.

It is a case of voluntary exposure to danger.  That he may have been ignorant of the degree of the danger to which he exposed himself would not advantage him : Railroad Co. v. Norton, 24 Pa. 465 ; Thirteenth and Fifteenth St. Pass. Ry. Co. v. Boudrou, 92 Pa. 475.

OPINION BY MR. JUSTICE STEWART, January 6, 1908 :

There can be no question as to what caused the death of

Theodore Haertel, the father of plaintiff's wards; it resulted from contact with one of defendant company's wires carrying a high voltage and imperfectly insulated. It may be conceded that the evidence for the plaintiff established a prima facie case of negligence on the part of defendant in allowing the wire to be in that condition. It may further be conceded that Haertel was rightfully where he was when the accident occurred. But because of the peculiar facts developed on the trial of the case, more than this was required to justify a submission of the case to the jury. The evidence showed that Haertel had gone upon the roof of a building to inspect the work his employees had done in connection therewith. The building adjoined a much larger and higher building to the rear. Along the wall of the latter building the defendant company had stretched its wires, supporting them by brackets fastened against or into the wall, and extending out from it about five or six inches. The wires to this extent overhung the roof on which Haertel stood. They were elevated above the roof at one side about five feet and at the other about seven. The only witness who saw the accident was about 100 feet away on the opposite side of the street below. He casually looked up, not attracted by anything in particular, and saw Haertel at the side of the roof next to the wall of the adjoining building along which the wires were stretched. When he saw him Haertel's face was against the wall, and with his left hand, then smoking, he was holding one of the wires which was about breast high. At the same instant of time he saw Haertel lift his right hand and immediately fall down upon the roof. It was not attempted to be shown how Haertel came to be in that position, with his face against the wall and his hand holding the wire. There is nothing in the evidence to suggest that he encountered the wire as an obstruction, that it needed to be displaced in any way to admit of his making inspection of the roof, much less that it was required for his support in consequence of his being placed in sudden peril. The roof was a comparatively flat one, and at the side where he stood it was close against the wall, so that he was in no danger of falling. How he came in contact with the wire is pure speculation, with a strong implication from the circumstances that it was occasioned by his own imprudence.

While electric companies are bound to use the highest degree of care practicable to avoid injury to everyone who may be in lawful proximity to their wires, yet the ordinary person is held to know that danger attends contact with electric wires, and it is his duty to avoid them so far as he may. If one heedlessly brings himself in contact with such a wire, and is injured in consequence, his imprudence must be regarded as a contributing cause, and will prevent a recovery. "It is the duty of a plaintiff seeking to recover, when the gravamen of the action is the alleged negligence of the defendant, to show a case clear of contributory negligence on his part. In other words, he must establish a prima facie cause of action, resulting exclusively from the negligence and wrong of the defendant, before the latter need answer at all : " Waters v. Wing, 59 Pa. 211. It may be that the unfortunate man who here lost his life stood clear of contributory negligence, that his death resulted from something for which he was not responsible, not being under his control, but there was nothing shown in the case upon which such conclusion could rest, while on the other hand, the plain implication from the evidence was, that however negligent the defendant may have been, the other's imprudence had contributed to the accident. The very evidence adduced in support of plaintiff's right to recover, giving rise to an implication of negligence on part of the deceased, put an additional burden upon plaintiff which he failed to meet and discharge. There being no substantive testimony in the case upon which it would have been competent for the jury to find that deceased was not guilty of contributory negligence, the nonsuit was properly ordered.

Judgment affirmed.