## Parker, Appellant, *v.* Pennsylvania Power Co.

376

Argued September 30, 1930.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Robert M. Gilkey,* of *Templeton, Whiteman, Rowley & Gilkey,* for appellant.

*C. E. Brockway,* of *Brockway & Whitla,* with him *Guy Thorne,* for appellee.

PER CURIAM, November 24, 1930:
Defendant electric power company was sued by the widow of Ted R. Parker, deceased, who, she alleged, had been killed through its negligence, under the following circumstances: Deceased was engaged in erecting an ordinary house radio aerial at his home; after fastening one end of the aerial wire to the limb of a tree across the street, Parker attached a pair of pliers to the loose end and threw it over two high-tension power lines belonging to defendant company, which were insulated and

strung on the usual tall wooden poles and cross arms. The wire end with the pliers attached dropped into the yard in front of Parker's house. He crossed the street, grasped the wire, gave it several pulls, took a step or two backward and fell to the ground; soon afterwards he was found to be dead. His hands, which still held the wire and pliers, were burnt, and other circumstances pointed to death by electrocution. At the close of plaintiff's case, defendant moved for a nonsuit, which the court below refused. Defendant offered no evidence; a verdict was rendered in its favor, on which judgment was entered, and plaintiff has appealed.

To show negligence on defendant's part, plaintiff points to testimony that several small spots where the insulation was worn off were found on the high-tension wires here involved, at points where Parker's aerial wire might have touched defendant's lines; and, although in all other respects the power company's wires appear to have been maintained in good order, plaintiff would have us hold as a matter of law that the proximate cause of her husband's death was these exposed spots, which she contends prove negligent and unsafe maintenance of high-tension wires by defendant company. She urges that, in these times when many persons are erecting private aerials, it was the duty of the electric company to anticipate and guard against an act such as deceased was performing when he came to his untimely end. Deceased himself might have caused the spots on defendant's wire, for the testimony shows that, by several jerks or pulls, he had dragged his twisted copper aerial over the insulation which plaintiff contends was subsequently found to be damaged; but, even if this were not the case, the evidence shows no invitation or permission from the defendant company to Parker to stretch his aerial across its wires. An examination of the record brings us to the conclusion that the jury properly found for defendant, and we see no reversible error in the trial judge's instructions or in his answers to points for charge.

In Geroski v. Allegheny County Light Co., 247 Pa. 304, 308, 312, plaintiff's husband was killed while standing on the ground and so pulling at a wire, which ran up a near-by flagpole, that it was brought into contact with defendant's power lines, properly strung, as here, on poles and far removed from the ground. There, too, the negligence relied on was an alleged failure to maintain safe insulation. We held that defendant could not, in law, be held to have "reasonably anticipated that any person upon the ground would come in contact with its electric wires carried at a height of twenty-nine feet in the air and twelve feet distant from the building." In the present case, the evidence shows that the wire was twenty-two feet above the ground and at a safe distance from the houses in the community. See also Troidle v. Adirondack Power & Light Corp., 252 N. Y. 483, 169 N. E. 654, likewise involving an aerial which came into contact with power wires.

Although it is not necessary to consider the question of contributory negligence, it may be noted that, in attaching one end of the aerial to the tree, Parker placed his wire at a point lower than defendant's high-tension lines, that his aerial was uninsulated twisted copper wire, that in handling it he used no gloves but, while standing on the ground and with the greatest disregard of his own safety, grasped the wire in his bare hands. Without this independent and wholly imprudent act of throwing an uninsulated copper aerial over defendant's lines, so that the former necessarily rested on the latter and the fatal electrical contact was thus made, plaintiff's husband would not have been killed. As stated in Haertel v. Pennsylvania Light & Power Co., 219 Pa. 640, 643, "While electric companies are bound to use the highest degree of care practicable to avoid injury to every one who may be in lawful proximity to their wires, yet the ordinary person is held to know that danger attends contact with electric wires and it is his duty to avoid them so far as he may. If one heedlessly brings

himself in contact with such [an electric] wire and is injured in consequence, his imprudence must be regarded as a contributing cause and will prevent a recovery." See also Aljoe v. Penn Central L. & P. Co., 281 Pa. 368, 371.

The judgment is affirmed.