200   311,
d 28 SC 226¹

# Harman, Appellant, *v.* Pennsylvania Traction Company.

*Negligence—Street railways—Evidence—Question for jury.*

In an action against a street railway company to recover damages for death of plaintiff's son, it appeared that the company's tracks were laid on one side of a turnpike road within five feet of plaintiff's fence. A lane eleven feet wide extended along one side of plaintiff's yard. The plaintiff's son was riding one of a pair of mules that were attached to a farm wagon, and was going from the farm house towards the road when he heard a car approaching but was unable to see it because of a building on an adjoining property which obstructed his view of the road to the east. When within thirty-three feet of the tracks he saw the car, which was 160 yards from him. He had time to cross in safety as the car was running only about three times as fast as the mules were walking, but he decided to wait. The mules were old and quiet, but when he attempted to stop them they became headstrong. They came almost to a full stop and then started forward and walked on the tracks directly in front of the car. *Held*, that a nonsuit was properly entered.

Argued May 22, 1901. Appeal, No. 76, Jan. T., 1901, by plaintiff, from order of C. P. Lancaster Co., April T., 1898, No. 9, refusing to take off nonsuit in case of Albert M. Harman and Ida Harman, his Wife, v. The Pennsylvania Traction

Company in the hands of a receiver, William B. Given. Before McCollum, C. J., Mitchell, Fell, Mestrezat and Potter, JJ. Affirmed.

Trespass for death of plaintiff's son. Before Landis, J. The facts appear by the opinion of the Supreme Court.

*Error assigned* was order refusing to take off nonsuit.

*C. E. Montgomery*, for appellants.—This case was for the jury: McGrann v. Pittsburg & Lake Erie R. R. Co., 111 Pa. 171; Gray v. Germania Gas Coal Co., 164 Pa. 508; Darwood v. Union Traction Co., 189 Pa. 592; Kelly v. Pittsburg, etc., Traction Co., 10 Pa. Superior Ct. 646; Schnur v. Citizens' Traction Co., 153 Pa. 29; Thatcher v. Central Traction Co., 166 Pa. 66; Smith v. Philadelphia Traction Co., 3 Pa. Superior Ct. 136; Davidson v. Schuylkill Traction Co., 4 Pa. Superior Ct. 89; Coll v. Easton Transit Co., 180 Pa. 618.

*W. U. Hensel*, with him *W. B. Given*, for appellee.—The nonsuit was proper: Darwood v. Union Traction Co., 189 Pa. 592; Ehrisman v. Harrisburg City Pass. Ry. Co., 150 Pa. 180; Omslaer v. Pittsburg, etc., Traction Co., 168 Pa. 519; Wheelahan v. Phila. Traction Co., 150 Pa. 187; Yingst v. Lebanon, etc., St. Ry. Co., 167 Pa. 438; Kline v. Electric Traction Co., 181 Pa. 277; Phillips v. People's Pass. Ry. Co., 190 Pa. 222.

Opinion by Mr. Justice Fell, July 17, 1901:

The defendant's tracks are laid on one side of a turnpike road and within five feet of the yard fence in front of the plaintiff's property. A lane eleven feet wide extends along one side of the yard. The plaintiff's son was riding one of a pair of mules that were attached to a farm wagon, and was going from the farm house towards the road when he heard a car approaching but was unable to see it because of a building on an adjoining property which obstructed his view of the road to the east. When within thirty-three feet of the tracks he saw the car, which was 160 yards from him. He had time to cross in safety as the car was running only about three times as fast as the mules were walking, but he decided to wait.

The mules were old and quiet, but when he attempted to stop them they became headstrong. They came almost to a full stop and then started forward and walked on the tracks directly in front of the car.

The boy was not negligent in not sooner attempting to stop the mules after he had noticed that the car was coming. He had driven the mules three or four years, and as they had not at any time before been intractable, he fully expected that they would stop at his command. The motorman was not negligent as regards the speed of the car, as he was on a country road and the lane was a private one not frequently used. No question arises as to his giving a signal of the approach of the car, as the car was both seen and heard, nor as to his duty to look ahead and guard against injury to any one on the track, as he applied his brakes when the mules came from the lane to the road thirty feet in front of his car. The only possible ground for the imputation of negligence to the motorman is that he saw or should have seen that the mules were unmanageable in time to avoid a collision. The plaintiff's case is narrowed to this inquiry, and we find nothing in the testimony which would justify a finding of negligence. The movements of the mules did not indicate to the motorman that they were uncontrollable. When they first came into his view they almost stopped, and they afterwards advanced slowly on a walk. The grandfather of the boy, who was standing in the wagon, testified: " They went slowly; the boy was holding them and they still kept moving on slowly. . . . They both moved right gradually along in front of the car. I was in the wagon and it never moved me. . . . They did not spring forward, they were so uncontrollable that he could not hold them but they were not jumping." This witness saw no danger, the father of the boy who was within ten feet of him saw none, and there was no danger apparent to any one until a moment before the accident when it was too late to avert it. If the motorman looked when the mules came into view from behind the building, he saw them in the act of stopping ; if he looked again he saw them approaching very slowly and not until they emerged from the lane was there anything to apprise him of danger. It cannot be said that the action of the boy gave him notice. The boy was riding the mule furthest from the car and a pale

fence at the side of the lane was between the mules and the car. If in this situation the motorman could have seen that the boy was pulling the reins, he would have observed that he was doing what he should do under the circumstances, but there would have been nothing to indicate that he was unable to check the mules, and therefore there was nothing calling for increased vigilance.

The judgment is affirmed.