# Tolson, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Signal—Evidence—Negative testimony—Positive testimony—Relative weight—Instructions to the jury.*

1. The purpose of the signal of the approach of a car on a street railway is to warn persons approaching a crossing, but, where one sees a car coming he needs no other warning or notice.

2. Where in an action to recover damages for injuries resulting to plaintiff in consequence of a collision between his wagon and a trolley car at a street crossing, two witnesses for plaintiff who were present at the accident, testified that they heard no warning given by the approaching car, and the motorman, a witness for defendant, testified that the gong was rung twice as the car approached the crossing, the trial judge made no error in characterizing the testimony of such witnesses for plaintiff as negative testimony and in stating that it was not as strong as positive evidence. Such instruction, even though erroneous, was not harmful to plaintiff it having appeared that plaintiff saw the car one hundred and fifty feet away before he drove upon the tracks of the defendant.

*Practice, C. P.—Trials—Misquotation of testimony—Harmless error.*

3. In such case the fact that the trial judge charged the jury that plaintiff "must show a case free from contributory negligence" was not harmful where the trial judge further correctly and fully discussed the elements necessary to constitute negli-

gence and contributory negligence, nor was it reversible error in referring to plaintiff's testimony to say that plaintiff "speeded up" his horse, where plaintiff stated that he "whipped up" his horse. If plaintiff's counsel considered that he was harmed by such an error, he should have called the attention of the trial judge thereto before the jury left the court room and his failure so to do was a waiver thereof.

Argued Jan. 20, 1915. Appeal, No. 117, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., Sept. T., 1912, No. 2665, on verdict for defendant in case of Joseph Tolson v. Philadelphia Rapid Transit Company. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trepass to recover damages for personal injuries. Before SEARLE, J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were instructions to the jury.

*L. W. Baxter,* for appellant.

*Chester N. Farr,* for appellee.

OPINION BY MR. JUSTICE FRAZER, February 22, 1915:

This action was brought to recover damages for injuries to plaintiff and his wagon, which he alleges were the result of negligence on the part of defendant company. On the evening of September 7, 1912, between 7 and 8 o'clock, Tolson drove his horse and wagon out of Meredith street, turned south on 23d street, and had gone about 18 feet when the left rear wheel of the wagon was struck by a car of defendant company, going south on 23d street. Plaintiff testified that when he reached the house line on 23d street he saw the car approaching approximately 150 feet away, and when he had about

cleared the tracks the wagon was struck and demolished, and plaintiff injured. The negligence alleged in plaintiff's statement was that defendant's car was being run at an excessive rate of speed, and that no warning of its approach to Meredith street was given by the motorman. A verdict was rendered in favor of defendant, upon which judgment was subsequently entered.

There are six assignments of error, all of which are to the charge of the court below. The first relates to the instructions given the jury defining the difference between positive and negative testimony. Two of plaintiff's witnesses, Risky and Craig, testified they heard no signal given by the approaching car. Risky, on cross-examination said, if the motorman had rung the bell he could have heard it, as he was close to the car when it passed. He further said that he was "always listening for motormen to give warning." Craig said he was riding in the car that collided with plaintiff's wagon and did not hear a signal given after passing Aspen street, the next street north of Meredith street, at which a stop is made. Meredith street is a small street between Aspen and Fairmount avenue, at which cars do not stop. Upon the part of defendant the motorman's testimony was, that the usual signals were given by ringing the gong twice as the car approached Meredith street. The trial judge in referring to this testimony said: "In that connection I call your attention to the difference between positive and negative testimony. Because a witness did not hear or see a certain thing, that is not conclusive evidence that what he did not see or hear, did not exist or did not happen, but that is merely negative evidence. This is not as strong as positive evidence. You will understand that, of course, from your experience in matters in general." Appellant urges that the trial judge erred in referring to the evidence of Risky and Craig, in respect to the giving of signals by the approaching car as negative testimony. That the testimony of these two witnesses, to the effect that they did not hear any signal

given or bell rung was negative testimony, and that it was not error to so refer to it is clear. In Anspach v. Philadelphia & Reading Ry. Co., 225 Pa. 528, this court says: "There was no testimony on the part of the plaintiff that the whistle was not blown or the bell rung. The witnesses on that point for plaintiff, merely said they did not hear the whistle or bell. Negative testimony of this character, by those who did not hear, as against the positive, affirmative testimony of witnesses who did hear, and who were in the position to know, is not enough to make out a charge of negligence." And in Winterbottom v. Philadelphia, Balto. & Wash. R. R. Co., 217 Pa. 574, the testimony of two witnesses, one of whom was expecting a friend by train and sat at the window of her home, near the station, and the other a man on the station platform awaiting the train and listening for the signals, each testified that they did not hear either bell or whistle. This testimony, which is in effect similar to that of Risky and Craig, is referred to by Mr. Justice ELKIN as negative testimony. Appellant relies upon Hugo v. Balto. & Ohio R. R. Co., 238 Pa. 594, to sustain his contention that the testimony of the two witnesses, Risky and Craig, was positive and direct testimony and not negative. In the case cited, the witness was standing in front of her home which faced a public street along which the railroad tracks ran, and was watching the train as it approached. She testified affirmatively that no bell was rung, no whistle blown, and the engine was without a headlight. The testimony of this witness is of quite a different character from that of Risky and Craig, and is clearly positive. An examination of the cases cited by both appellant and appellee shows that the instruction given by the court below on this question, although meager, was proper and in line with the decisions of this court. Even if the court below was in error in speaking of the testimony of plaintiff's two witnesses as negative the error was harmless, as plaintiff testified that he saw the car about 150 feet away

when he reached the house line of 23d street.  If he actually saw the car at that distance it is immaterial whether any signal of its approach was heard or not. The purpose of the signal is to warn persons approaching a crossing, but, when one sees a car coming he needs no other warning or notice.  In Harman v. Pennsylvania Traction Company, 200 Pa. 311, it is said: "No question arises as to his (motorman) giving the signal of the approach of the car, as the car was both seen and heard."

The second, third and fourth assignments of error may be grouped together.  Appellant's contention is that the instruction covered by these assignments is inconsistent with his three requests for instructions to the jury, which were affirmed by the learned trial judge.  As we understand those requests the general charge contained nothing contradictory to what is expressed in the points. On the contrary the charge placed the matters referred to more explicitly and concisely before the jury than did the requests, which are quite lengthy, and in substance related to the duty of the motorman, the speed of the car and the circumstances under which plaintiff had a right to cross the tracks in front of the car, exactly what the excerpts from the charge contained in the three assignments of error did.  The points were affirmed, and the portions of the charge quoted in the assignments of error are quite as favorable to plaintiff as he was entitled to have them.  We fail to find either error or inconsistency with the charge in the matters covered by these assignments.

The fifth assignment charges error in the instruction given the jury, that plaintiff "must show a case free from contributory negligence."  This excerpt from the charge standing alone might indicate that the court was casting an undue burden upon plaintiff, reference however to the entire charge shows that such was not the case.  In discussing the elements necessary to constitute negligence and contributory negligence, the trial judge plainly and correctly stated the law, and in a charge as a whole, that

was both fair and impartial, submitted these questions to the jury.  It was the duty of plaintiff to show negligence on the part of defendant and a case clear of contributory negligence on his part, Waters v. Wing, 59 Pa. 211.  This is exactly what the court charged.

The sixth assignment refers to a portion of the charge as follows: "But we say to you furthermore that you will remember that the plaintiff himself testified that he was whipping up his horse sometime before reaching the track," reference to the testimony shows that plaintiff did not testify that he "whipped up" the horse, but that he "speeded" him up to escape the car.  The effect of this error is so slight that it must necessarily have been harmless.  It was, however, the duty of plaintiff's counsel to call the attention of the trial judge to the error in order that the mistake might be corrected before the jury left the court room.  This he did not do.  In Commonwealth v. Razmus, 210 Pa. 609, it is said: "If the trial judge in referring to the testimony of a witness misquotes it in any material point, his attention should be called to the error at once, before the jury retires.  A party may not sit silent and take his chances of a verdict, and then, if it is adverse, complain of a matter which, if an error, would have been immediately rectified and made harmless."  Other authorities might be cited to the same effect.

Upon the whole the case was fairly and impartially submitted to the jury.  The assignments of error are overruled and the judgment affirmed.