# Rapp to use *v.* Central Railroad of Pennsylvania, Appellant.

*Negligence—Railroad — Automobile — Right-angled collision — Speed of train—Proximate cause—Negative testimony as to signals —Evidence—Case for court.*

1. It is not a negligent act to operate a railroad train at thirty miles an hour in an open country district.

2. Where a chauffeur sees a train in front of him crossing the road when he is some 155 feet away, and operates his automobile so as to run into the train at right angles, the speed of the train has nothing to do with the accident, and is immaterial.

3. Negative testimony of those who did not hear a signal at a railroad crossing, as against the positive affirmative testimony of witnesses who did hear, and who were in a position to know, is not enough to make out a charge of negligence against the railroad company.

Mr. Justice KEPHART dissented.

Argued January 6, 1921. Appeal, No. 43, Jan. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1918, No. 4953, on verdict for plaintiff, in case of Eva M. Rapp, to use of J. H. Weaver & Co., and herself, and the State Workmen's Insurance Fund v. Central Railroad of Pennsylvania. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for death of plaintiff's husband   Before PATTERSON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $11,679. Defendant appealed.

*Errors assigned* were refusal of (1) binding instructions for defendant and (2) judgment n. o. v., quoting record.

*Harold B. Beitler,* for appellant, cited as to signals: Anspach v. P. & R. Ry., 225 Pa. 528; Urias v. P. R. R., 152 Pa. 326.

*Chester N. Farr, Jr.,* with him *John E. Cupp,* for appellee, cited: Terry v. R. R., 60 Pa. Superior Ct. 451;. Haverstick v. R. R., 171 Pa. 101; Laib v. R. R., 180 Pa. 503.

OPINION BY MR. JUSTICE SCHAFFER, February 14, 1921:

This action was brought to recover damages resulting to the plaintiff from the death of her husband, due as she claims to the defendant's negligence. The verdict was found for her and the defendant has appealed, contending that no negligence was proved against it, that the trial judge should have given binding instructions in its favor and, this not having been done, judgment should be entered for it here.

Andrew J. Rapp, the husband of the plaintiff, was traveling in an automobile belonging to his employer, Weaver, about noon on a clear day, along a state highway leading from Lock Haven to Bellefonte. The deceased and Weaver were seated on the rear seat of the automobile and the front seat was occupied by Weaver's chauffeur and his valet, the former driving the vehicle. The highway along which they were proceeding was crossed by defendant's railroad at grade, and was straight for at least three fourths of a mile in the direction from which the automobile approached the crossing. As they neared the crossing, which the chauffeur had driven over several times before, and when they were at least 155 feet from it, the chauffeur, driving at a speed which he estimated at between twenty-five and thirty-five miles an hour, suddenly observed a freight train in front

of him crossing the road; he instantly applied his brakes, the automobile slid with locked wheels 155 feet along the road into the train, striking the first car back of the tender; the driver turned the automobile to the right and its momentum was so great that, after hitting what he called the under carriage of the car, it ran thirty feet along the railroad's right-of-way before it stopped. The result of the sudden turning of the automobile to the right was, that the left side of it struck one of the cars of the train, and the deceased, who was seated on that side, was killed by his head coming in contact with a part of this freight car. The chauffeur testified that the sliding of the automobile was due to the circumstance that the road had been treated with tarvia. The accident took place on August 6, 1917, and the testimony establishes that the tarvia had been applied to the road in the previous June. The train was running at a speed of fifteen miles an hour, as estimated by members of its crew, and by the chauffeur of not over thirty miles an hour.

The negligence charged against the defendant in the statement of claim, was the excessive speed of the train, and the failure to give warning of its approach by bell, whistle or otherwise. The allegation of excessive speed drops out of the case, because it could not be said to be a negligent act to operate a railroad train at thirty miles an hour in an open country district; moreover, it is apparent that the speed of the train had nothing to do with the accident. The train did not collide with the automobile, the automobile ran into the train.

This leaves, then, as the only negligence alleged and attempted to be proved, the failure to give warning of the train's approach. We need not determine whether the failure to give warning is not elided from the case, because the chauffeur actually saw the train when it was 155 feet distant from him (Tolson v. Phila. Rapid Transit Co., 248 Pa. 227; Harman v. Penna. Traction Co., 200 Pa. 311), and it is obvious that the accident

would have occurred had it been standing stationary on the crossing, in which event no warning of its presence across the straight highway would have been required; nor are we compelled to pass upon the question whether the failure to control the automobile was the proximate cause of the accident, because the testimony establishes that warning of the train's approach was given, and this becomes determinative of the appellee's case, against her.

The chauffeur and the valet (Weaver, the remaining occupant of the automobile, was not called as a witness) both testified that they heard no whistle or bell as they approached the railroad. The reason for this may exist in the fact that the tires of the automobile were making a "sucking noise," as they came in contact with the surface of the road, or because the occupants of the automobile were inattentive to their surroundings. While it is true these witnesses both answered "no" to a leading question as to whether a whistle was blown or bell rung, it is obvious, from a reading of their entire testimony on this subject, that it goes only to the extent of declaring they did not hear any signals; neither of them stated they could have heard them had such warnings been given. One of the plaintiff's own witnesses testified that he heard the whistle blow for the crossing when he was two thousand feet away from it, and, in addition to this evidence, appearing in the plaintiff's case, the defendant showed, by the engineer of the train that he blew the whistle for the crossing, by the fireman, that he rang the bell and heard the whistle blow, by an employee who had alighted at a station reached by the train before it came to the highway that he heard it blow, by a disinterested witness, who was at a station beyond the highway, that he heard it, by the brakeman, who was in the caboose at the rear of the train, that he heard both whistle and bell sounded for the crossing, and by the flagman and conductor that they were in the caboose and heard the whistle blow. In view of this positive testi-

270 RAPP to use *v.* CENTRAL R. R. OF PA., Appellant.

mony, corroborative of plaintiff's own witness, that warning of the approach of the train to the crossing was given, it could not be permitted that the negative testimony of the two men in the automobile should prevail and establish the defendant's negligence. "Negative testimony......by those who did not hear, as against the positive affirmative testimony of witnesses who did hear, and who were in a position to know, is not enough to make out a charge of negligence": Anspach v. Phila., etc., Ry. Co., 225 Pa. 528. As the only negligence on the part of the defendant, upon which a recovery against it could be based, is the failure to give warning of the approach of the train to the crossing, and, as that allegation was not established by the testimony, but on the contrary it shows that warning was given, it follows that the defendant's motion for judgment in its behalf non obstante veredicto should have been granted.

The second assignment of error is sustained, the judgment for the plaintiff is reversed and judgment is entered here for the defendant.

DISSENTING OPINION BY KEPHART, J.:

Two witnesses testified that no whistle was blown, nor bell rung. However much we may wish to modify that testimony by other parts of their evidence, as this is a motion for binding directions the appellee is entitled to all inferences reasonably deduced from the evidence, and, when this is done, this evidence would take the case to the jury. That another of plaintiff's witnesses said he heard a whistle blown two thousand feet away would merely amount to a contradiction in plaintiff's evidence, the truth of which the jury would determine. Plaintiff's husband was not familiar with the neighborhood and the railroad was very rarely used, is now torn up and taken away, and was not easily discernible from the highway; no warning post was placed to notify the traveling public of the railroad's presence, and, while the chauffeur might have been guilty of the worst of

contributory negligence, here is an effort to impute this negligence to a passenger in the rear seat of an automobile who knows nothing of the railroad, is not warned of its presence, and whose widow is prevented from recovery because the chauffeur did not use due care in handling his machine. Had deceased known of the railroad or seen a warning sign post, or even if he should have known that the whistle two thousand feet away referred to a railroad over which they were about to pass, then he should have warned the driver; but how could this duty be exacted under the facts? It is not shown the deceased knew such railroad was in existence. The woods stood close around it and the public road, and the engine could only be seen just as it emerged from behind the trees along the public highway.

Taking everything into consideration, it was one of those peculiar cases which a jury should have passed upon. I would therefore affirm the judgment.