## Clamper v. Philadelphia, Appellant.

*Negligence—Municipalities—Rope across street—Automobile— Contributory negligence — Automobile lights — Act of June 30, 1919, P. L. 678—Case for jury.*

1. Where a cave-in occurs in a street, and the city stretches a rope across the street from four to six feet above the surface, and about twenty-five feet from the cave-in, and places a red light near the curb close to the hole, and a driver of an automobile at night fails to see the rope, drives into it and is injured, the question of the city's negligence and the driver's contributory negligence is for the jury.

2. In such case the court cannot say, as matter of law, that a rope stretched at such distance from the cave-in, and at such a height above the highway as to be out of the range of the direct

rays of the headlight of automobiles, was such a barrier as a traveler in the exercise of ordinary care was bound to observe.

3. Nor can the court say, as matter of law, that the driver, in view of the Act of June 30, 1919, P. L. 678, was negligent in failing to equip his car with headlights of sufficient brilliancy to enable him to see the rope.

Argued January 11, 1924.    Appeal, No. 138, Jan. T., 1924, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1921, No. 802, on verdict for plaintiff, in case of Charles Clamper v. City of Philadelphia.    Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ.    Affirmed.

Trespass for personal injuries.    Before STERN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,000.    Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*J. M. Mitcheson,* Assistant Solicitor, with him *William M. Stewart,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellant, cited: Serfas v. R. R., 270 Pa. 306.

*Victor Frey,* with him *Augustus T. Ashton,* for appellee, cited: Moss v. Traction Co., 180 Pa. 389; Smith v. Ry., 187 Pa. 451; Mehler v. Doyle, 271 Pa. 492; Ackley v. Township, 32 Pa. Superior Ct. 487; Kuhns v. Twp., 57 Pa. Superior Ct. 386; Foley v. Transit Co., 240 Pa. 169.

OPINION BY MR. JUSTICE FRAZER, February 11, 1924:

A subsidence, or sinking, occurred in a portion of the roadway of Euclid Avenue, in the City of Philadelphia, leaving a depression about two feet square, over which the city placed a small box on which it maintained a red light at night.    Although the sunken part was near the

curb the city authorities evidently considered the entire street at that point dangerous and attempted to exclude traffic by stretching a rope from curb to curb at a distance of about twenty-five feet from each side of the defective roadway and at a height estimated as from four to six feet above the street surface. Plaintiff, a driver of a taxicab, at about six o'clock in the evening of January 23, 1921, after making a stop at a residence on the street a short distance from the roped-off portion, proceeded along the street toward the defective part at a speed from twelve to fifteen miles an hour. He saw the red light on the box near the curb and was driving along the center of the roadway when he collided with the rope, resulting in damage to his machine and serious injury to himself. The trial judge submitted to the jury the question of negligence of defendant and contributory negligence of plaintiff, in a charge to which no exceptions were taken, and the jury found for plaintiff. Defendant appealed.

The city was clearly within its rights in roping off any part of the highway deemed unsafe for travel, and, had the barrier in this case been of such nature as to be clearly visible to persons driving at night, there would be no liability on the part of the municipality. Under the circumstances established by the testimony, however, it was clearly for the jury to say whether the placing of the rope across the street with its location unmarked, except by a single red light located along one side of the street near the curb and at a distance of twenty-five feet beyond the rope, was sufficient performance of duty on the part of the city to give travelers reasonable notice of the presence of the obstruction. One driving along the street in question would be justified in concluding the danger point was confined to the immediate location of the red light near the curb and that the remainder of the street was passable. Of course, he would be bound to use reasonable precaution to discover possible barriers in the remaining part of the street. We cannot say,

however, as matter of law, that a rope stretched at such distance above the highway as to be out of the range of the direct rays of the headlights of automobiles was such barrier as a traveler in the exercise of ordinary care was bound to notice. Whether the city fully performed its duty, or whether the situation required that lights be placed on the rope to mark its position, or that it should have erected a barrier of a plainly visible character to indicate the danger, was for the jury.

Appellant contends further that plaintiff was negligent in failing to equip his car with headlights of sufficient brilliancy to enable him to observe the rope. The Act of June 30, 1919, P. L. 678, requires that automobiles shall be equipped with lights of sufficient power to clearly illuminate the road at a distance of 200 feet ahead of the vehicle, but also provides that such lamps shall contain reflectors so arranged and the light so diffused or deflected that "no dazzling rays of light shall at a point 75 feet or more ahead of the lamp, rise more than 42 inches above the surface on which the vehicle stands." It may be doubted whether the latter provisions of the act could be complied with and at the same time have light of sufficient intensity to clearly reveal a rope at a distance of from four to six feet above the roadway. In any event we cannot say, as matter of law, that the rope would be so clearly revealed that the driver of an automobile, in the exercise of proper care, was bound to observe it under the circumstances here involved. Much stress is laid on plaintiff's testimony that the headlights of his car illuminated the street for a distance of only twenty-five or thirty feet ahead of him and that he thus failed to comply with the statutory provisions above referred to. There is no evidence that had he observed the rope within the limits of his headlight he could not have brought his car to a standstill in time to avoid the accident.

The judgment is affirmed.