## Hilton *v.* Blose, Appellant.

Argued May 27, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Raymond E. Brown,* for appellant.

*Charles J. Margiotti,* with him *W. M. Gillespie, S. C. Pugliese* and *Edward Friedman,* for appellees.

PER CURIAM, July 1, 1929:

These two appeals by defendant, are from judgments entered on verdicts in favor of plaintiffs, respectively, in actions of trespass to recover for personal injuries. Defendant, at the time of the occurrence which gave rise to this suit, was driving his own automobile, accompanied by several guests, among others the female plaintiff (hereinafter called the plaintiff), who sat in the back seat immediately behind the driver. Plaintiff was not familiar with the road, and at the time of the accident was engaged in conversation with a woman by her side, her face having been turned toward this woman for several minutes. At the point where the accident happened, in or just beyond the village of Crenshaw, the highway traversed a railroad at grade. A train of coal cars was slowly passing across the highway. The locomotive and from seven to nine cars had gone

by, and others were yet to pass, when defendant drove his automobile, head on, into the train. One passenger in the automobile was killed, and plaintiff, with others, was injured. The only explanation offered by defendant, to account for his failure to see the train, was that the highway grade deflected the rays of the automobile headlights. Defendant, however, must have been familiar with the location of the railroad crossing, for he admitted having driven along the highway here involved and over the crossing at least twenty-four times within a period of a year prior to the accident; also, he had driven over the crossing at 7:30 o'clock the evening of the accident (which occurred on June 1, 1927), when it was light enough to see the surroundings, though, on the return trip, when the injury to plaintiff occurred, it was dark, but clear. Moreover, this crossing had the usual warning signs on the highway, several hundred feet from the railroad tracks. Defendant testified that he was acquainted with the crossing but did not realize that he was close to it until too late to avoid the accident. It was submitted to the jury to determine whether defendant "knew of the crossing or by the exercise of due care and observation" could have been aware of it in time to avoid the accident, and this issue was decided against him. The law requires that one shall stop, look and listen before crossing a railroad; defendant admitted that he failed to perform this duty, and the jury evidently did not believe that he could not by due observation have seen the train into which he "smashed" his car.

So far as plaintiff's alleged contributory negligence is concerned, the case was properly submitted to the jury, and its finding on that point is conclusive on defendant.

Appellant contends that plaintiff and defendant were engaged in a joint enterprise, pursuing a common purpose, at the time of the accident, and that the jury was not properly instructed on the law governing such a situation. It appears that both plaintiff and defendant were interested in the pastime of bowling, and, on the

evening in question, were going to a common destination to play this game; but they were not to engage in the same game nor were they on the same team. While they had a similar purpose in view in making the trip,—that is, to bowl,—yet their purpose was not a common one, since they were to play on different teams and bowl in different games. The testimony shows that defendant not only invited plaintiff into his automobile, but urged her to make the trip; and there is nothing to show that she had any voice in the control, management or direction of the vehicle. Under these circumstances, the court below might well have omitted all instructions on the subject of the law in relation to an accident happening to one injured through the negligence of another engaged in a common purpose, and anything said on that point in the present case could not have harmed defendant.

Finally, plaintiff calls attention to the fact that she was not injured by the concurrent negligence of the driver of the automobile and of a third party, sued for damages, which combination of circumstances seems to have existed in all of our cases where the common purpose doctrine has been applied. She contends that, for the reason just stated, the doctrine has no application in a case such as the present; but, as we have already decided that, for other reasons, the doctrine does not apply to the facts in the present case, it is unnecessary to discuss this last mentioned contention. The case was for the jury and, taking the charge as a whole, we find no reversible error.

The judgments are affirmed.