Argued April 19; affirmed June 7, 1932.

CHRISTENSEN *v.* WILLAMETTE VALLEY
RAILWAY CO.

(11 P. (2d) 1060)

*Clarence D. Phillips,* of Portland (Griffith, Peck & Coke, of Portland, on the brief), for appellant.

*John R. Latourette,* of Portland (Latourette & Latourette, of Portland, on the brief), for respondent.

BELT, J. This is an action to recover damages for injuries resulting from a collision between an automobile and a mixed interurban electric train owned and operated by the defendant company.

The gist of plaintiff's action is thus alleged in the complaint:

### III.

"On or about December 20th, 1930, at the hour of about 5:30 p. m., on a dark night, the plaintiff was

proceeding in his automobile on the Beaver Creek Highway in a Northwesterly direction toward Oregon City. At said time the defendant was operating on schedule its regular passenger motor car on its said railroad, which was traveling in a Southeasterly direction from Oregon City to Molalla at or near Robbins Station. Said passenger car, which was then carrying passengers, was operated by a motorman on the front end thereof, and was lighted with electric lights within, and had the customary red and green lights on the rear of said car, which were lighted.   *   *   *   Attached to and on the rear of said passenger car, the defendant, at said time and place, was hauling five of said empty log trucks. There was not a green or red light or any kind of light whatsoever on any of said log trucks, neither was there a brakeman or signal of any kind whatsoever to indicate to the plaintiff or to the traveling public the presence of said log trucks on the rear of said passenger car.

## IV.

"As the plaintiff was proceeding in his automobile aforesaid, he saw said passenger car approaching at a considerable distance and saw the green and red light upon the rear end of said passenger car, but did not see and was unable to see the said log trucks. As plaintiff approached said crossing, he brought his automobile to a complete stop, at a reasonable and safe distance from said railroad track at said crossing. After said passenger car had proceeded over said crossing the plaintiff, not knowing of the presence of said log trucks, proceeded on his way and while so proceeding and when within a short distance of said railroad track his lights reflected upon and he saw the beam or connecting rod of one of said trucks. Immediately plaintiff put on his brakes and brought his car to a stop before reaching said railroad track but within such close proximity that the rear bunk and axle of said log truck struck the front end of plaintiff's automobile, throwing the plaintiff and his automobile back and to one side of the road a distance of about thirty-

four feet, throwing plaintiff against the steering wheel, against the door and other parts of his said automobile, causing him serious, painful and permanent injuries as hereinafter alleged.

### V.

"The defendant was careless and negligent in failing to have a green and red light upon the rear end of said train and failing to have any light whatsoever upon any of said log trucks, in having a green and red light upon the rear of said passenger coach, in failing to give the plaintiff and the public any warning whatsoever of the presence of said log trucks attached to said passenger car and in operating said passenger car and said log trucks in the manner and at the time and place aforesaid."

The defendant denied any negligence on its part and affirmatively alleged:

### II.

"That on December 20, 1930, at the hour of 5:10 p. m., the defendant was lawfully, carefully and prudently operating its interurban railway train, which was a mixed passenger and freight train, in a Southerly direction over and across the Beaver Creek Highway at said Robbins Station; that while said train was being operated as aforesaid, by said defendant, and when the said train was upon said intersection, the plaintiff attempted to drive his automobile over and across said intersection, and recklessly, carelessly and negligently drove and operated his automobile into collision with a logging car which was one of the cars of said train; that as a result of said collision the plaintiff claims that he suffered some injury, but this defendant has no knowledge or information sufficient to form a belief as to the extent of said injuries, and for that reason this defendant denies that the plaintiff was thereby injured to any extent, or at all, and demands the proof thereof.

## III.

"That at the time and place of said accident the plaintiff was guilty of negligence, which was the sole proximate cause of said collision and his resulting injuries, if any, in that:

"1. He failed to maintain a reasonable outlook in his self-protection;

"2. He failed to exercise reasonable care in equipping his automobile with lights;

"3. He failed to comply with the statute of the State of Oregon in equipping his automobile with lights;

"4. He failed to exercise such reasonable care as would have ordinarily been expected from a reasonably prudent automobile driver under the circumstances there attendant."

These affirmative allegations of the answer were denied in the reply.

On these issues the cause was submitted to a jury and a verdict returned in favor of plaintiff for $5,000. Defendant appeals, assigning as sole error the refusal of the trial court to direct a verdict in its favor.

■ ■ Counsel for defendant concede there is some evidence tending to show negligence on its part but urge that it appears as a matter of law that plaintiff was guilty of contributory negligence. We do not so view the record. If the defendant railway company was operating this mixed train—composed in part of five empty logging cars—with red and green lights on the rear end of the passenger coach, but without any lights on the logging cars to indicate the rear end of the train, it was engaged in a dangerous enterprise. Any person of ordinary prudence who observed the red and green lights on the rear end of the passenger coach might well conclude that such markers indicated the rear end of the train. Under the circumstances, this feature would tend to divert the attention from

any impending danger of colliding with the empty logging cars and would, in fact, constitute a trap and a snare to those who used this highway crossing. In other words, we think there is substantial evidence tending to show that the negligence of defendant tended to lull the plaintiff into a false sense of security: *Kirby v. Southern Pacific Co. et al.,* 108 Or. 290 (216 P. 735). After all, the test to be applied to the conduct of plaintiff is the degree of care which an ordinarily prudent person would have exercised under the circumstances as they appeared to him at the time of collision.

Counsel for defendant insist that if plaintiff's lights had been adjusted in conformity with the legal requirements, and he had exercised due care in looking, they would have disclosed the empty logging cars on the public highway. This contention is based solely upon the expert testimony of a state traffic officer who never tested the lights of the automobile in question. Plaintiff testified that his lights were "good." The traffic officer, in response to the question, "Now based upon your actual observations on the ground, of the grade as the grade exists there, taking into consideration the grade as you saw it, and all the conditions there as you saw them this morning, if a car was parked 65 feet away from the track on this ground, headed toward the track, and the lights were properly adjusted in accordance with the law of the state of Oregon, would a log truck, as shown by Defendant's Exhibit 2, be visible within the pattern of light on that railway crossing?" answered, "It would, sir." He, however, did not testify that, if these lights were properly adjusted, the beam of such lights—as distinguished from the pattern of the lights—would, from the place where plaintiff's car stopped, strike the connecting beam or reach of the logging truck which, it will be remembered, was 30 inches above the track. See

*Clamper v. Philadelphia,* 279 Pa. 385 (124 Atl. 132), wherein the court, in substance, held that it could not say as a matter of law that a rope stretched at such a distance from the cave-in and at such a height above the highway as to be out of the reach of the direct light of the automobile was such a barrier as a traveler in the exercise of ordinary care was bound to observe. See also the closely analogous case of *Murphy v. Hawthorne,* 117 Or. 319 (244 P. 79, 44 A. L. R. 1397), wherein the language of the court is particularly applicable to the facts in this case.

Assuming that plaintiff's lights were not adjusted in accordance with the statute, although the evidence relative to this matter is reasonably susceptible of different constructions, we are not prepared to say as a matter of law that any ordinarily prudent person would, in view of the circumstances as disclosed by the record in this case, have seen the logging cars on the track in time to avoid a collision. Even though it be conceded that plaintiff was negligent in failing to have his lights properly adjusted, it would still remain, under the facts of this case, a question for the jury to determine whether such negligence proximately contributed to the accident. Had it not been for the diverting influences involved in this case, such as the red and green lights on the motor coach, the absence of lighted markers on the logging cars, and the gleam of the lights of an automobile approaching from the opposite side of the track, the plaintiff might have been able to avoid striking this train. Who knows? At any rate, it is a question upon which reasonable minds might differ. Hence, the court did not err in submitting to the jury the issue of contributory negligence.

The judgment of the lower court is affirmed.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.