Wink et al., Appellants, *v.* Western Maryland Railway Company.

Argued October 23, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Edmund C. Wingerd,* for appellants.

*Paul S. Parsons,* and with him *Edwin D. Strite,* for appellee.

OPINION BY BALDRIGE, J., February 1, 1935:

On the night of October 11, 1931, Holland C. Wink, nineteen years of age, was driving a closed automobile, which belonged to his father, on an improved highway southward towards Waynesboro, at a rate of 25 to 30 miles an hour. He had gone down a hill 600 or 700 feet long and had proceeded on the level approximately 100 or 120 feet, when he collided with the 39th and 40th cars of a freight train, composed of 96 cars, which was passing over a road crossing. The minor plaintiff testified that his brakes were in good condition and his lights were regulated in accordance with the laws of the Commonwealth of Pennsylvania, but that as there was a little fog he was unable to see the freight train until he was within 20 or 30 feet of it. He then turned sharply to the right, but was unsuccessful in avoiding a collision.

An action was brought to recover for personal injuries and damages to the car, etc. Verdicts were rendered in favor of the plaintiffs. The learned court below in sustaining a motion for judgment n. o. v. for defendant held that, although there was sufficient evidence to submit to the jury the question of defendant's negligence, the minor plaintiff was guilty of contributory negligence.

The appellate courts have frequently ruled that, notwithstanding road and weather conditions, it is the duty of an automobile driver to have his car under such control that he may discover a grade crossing or any other obstacle in his immediate path in time to enable him to stop within the range of his lights, or turn the car to avoid danger.

In Milliken v. United Laundries, 105 Pa. Superior Ct. 286, 288, 161 A. 873, the plaintiff was driving his automobile on a dark, foggy night at a speed of 30 or 35 miles an hour and ran into a truck. This court, speaking through Judge GAWTHROP, said: "In our

view plaintiff's own testimony makes his contributory negligence clear. Section 1002 of the Vehicle Code of May 1, 1929, P. L. 973, provides that 'no person shall drive any vehicle upon a highway ...... at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead.' It has been decided over and over again that it is the duty of a motorist travelling at night to have his car under such control that he may stop or turn it away when objects intercepting his passage come within the range of his lights.'' See, also, Serfas v. Lehigh & New Eng. R. R. Co., 270 Pa. 306, 113 A. 370; Hilton v. Blose, 297 Pa. 458, 147 A. 100; Mason v. Lavine, Inc., 302 Pa. 472, 153 A. 754; Simrell v. Eschenbach, 303 Pa. 156, 161, 154 A. 369; Morin v. Kreidt, 310 Pa. 90, 164 A. 799.

The appellants have called to our attention Clamper v. Phila., 279 Pa. 385, 124 A. 132; Lane v. Mullen, Inc., 285 Pa. 161, 131 A. 718; O'Rourke v. Washington City, 304 Pa. 78, 155 A. 100; and Eddy v. Reed, 86 Pa. Superior Ct. 578.

In the Clamper case, a rope was stretched across the street 4 to 6 feet above the roadway and out of the direct rays of a headlight. The court found that the rope was too small, as it could not be seen under such circumstances.

In the Lane case, the plaintiff saw a large unlighted steam shovel, which had been parked on the street for the night. He swerved suddenly to the left, clearing the main body of the steam shovel but hitting a coal box which projected about 18 inches from the left side, and which was a little more than 4 feet from the ground, which would not have been disclosed by proper lights.

In the O'Rourke case, the plaintiff drove his automobile into an embankment 6 to 8 feet high extending from curb to curb at the end of a street. *The*

plaintiff claimed that the level of the street made it impossible for his headlights to disclose this embankment until he was too near to stop, and that the defendant was guilty of negligence in not maintaining a light or other warning there. The court held, however, that the plaintiff was guilty of contributory negligence, as a matter of law, in that he failed to have his car under such control as to enable him to stop within the range of his headlights.

In the Eddy case, the plaintiff was driving his car on a dark, foggy night at a speed of about 15 miles an hour and ran into a pole which extended about 10 feet from the back of a wagon. There was no light on either the rear of the wagon or the pole. In such circumstances, we held that the case was for the jury.

We think those cases are inapplicable to the facts before us.

Considering the evidence in the light most favorable to the plaintiffs, by accepting as true all the facts and proper inferences of fact which tend to sustain plaintiffs' contention, the minor plaintiff was guilty of contributory negligence.

The appellants maintain that even if the lower court was correct in holding that the minor plaintiff was guilty of contributory negligence, as a matter of law, his negligence could not be imputed to the father, the owner of the car, and preclude his recovery for damages to his car and expenses incurred as a result of his son's injury, as the defendant was negligent. The appellee states that the question of the father's right to recover in the event it was determined that the son was guilty of contributory negligence was not presented to the lower court, and, therefore, ought not to be considered here (McLaughlin et ux. v. Monaghan, 290 Pa. 74, 138 A. 79); and argues that if the minor was guilty of contributory negligence, the father can not recover for the loss of his son's services and for

medical and other expenses in treating his injury: Tidd v. Skinner et al. (N. Y.), 122 N. E. 247; Callies v. Reliance Laundry Co. (Wis.), 206 N. W. 198; Thibeault v. Poole (Mass.), 186 N. E. 632; Winner v. Oak. Tp., 158 Pa. 405, 27 A. 1110, 1111. It is not necessary, however, to elaborate on that contention, for, in our judgment, there was no evidence to sustain a finding that the defendant was guilty of negligence. The testimony shows that there was a highway crossing sign of the Pennsylvania Highway Department 370 feet on the north side of the crossing and 15 feet from the center of the road, but that it could not be seen at night, and that the only other crossing sign was that of the railroad company on the south or opposite side of the track from that on which Wink was approaching, which, of course, he could not see.

Warning signs and signals are provided by railroad companies to warn of the approach of a train to a crossing and not that the crossing is already occupied. The cars themselves on the track are sufficient warning to a driver of a car of that fact.

In Phila. & R. Ry. Co. v. Dillon, 31 Del. 247, 114 A. 62, an automobile collided with a standing freight car blocking a street where there was an absence of a light or warning of any kind. The court there said: "The trainmen of the defendant had a right to assume that a reasonably careful person driving an automobile on that highway at that time would adopt such lights and rate of speed as that he could and would bring his automobile to a standstill within the distance that he could plainly see the train of the defendant, and so avoid running his machine into it, and therefore these employees of the defendant company were not negligent in failing to give warning, or otherwise, of the presence of the train as an obstruction to the highway." See, also, Gage v. Boston & M. R. R. Co., 77 N. H. 289, 90 A. 855; Gilman v. Central Vermont

Ry. Co. (Vt.), 107 A. 122; Scott v. Del. L. & W. R. Co., 226 N. Y. S. 287; Gallagher v. Montpelier & W. R. R. R. Co. (Vt.), 137 A. 207; Yardley v. Rutland R. Co. (Vt.), 153 A. 195; Cleveland, C. C. & St. L. Ry. Co. v. Gillespie (Ind.), 173 N. E. 708; Schmidt v. C. & N. W. Ry. Co. (Wis.), 210 N. W. 370; Crosby v. Great Northern Ry. Co. (Minn.), 245 N. W. 31. These cases all hold that signals for trains approaching a highway crossing are solely for the benefit of drivers on the highway, so as to warn them of an oncoming train, and that they are not required if, as here, the train is actually on the crossing when the driver arrives. Then no other signals or warnings are necessary in the absence of a statute. There is none in this Commonwealth imposing such a duty on railroads.

No Pennsylvania cases have been cited, and we found none, exactly in point. In Rapp v. Central R. R. of Pa., 269 Pa. 266, 268, 112 A. 440, the driver of a car at noon ran into a moving freight train which he observed when he was 155 feet from the crossing. The Supreme Court, in holding plaintiff guilty of contributory negligence, said: ''...... it is obvious that the accident would have occurred had [the train] been standing stationary on the crossing, in which event no warning of its presence across the straight highway would have been required.'' In Zenzil et al. v. Del., Lack. & W. R. R. Co., 257 Pa. 473, 477, 101 A. 809, the minor plaintiff, in daylight, walked into a moving train. It was there said: ''The object of signals is to give notice that the train is about to occupy the track; but when the engine has passed and the cars are following one after another it is the best possible evidence that the company is occupying its track. The alleged lack of formal signals is not material in the case of one who in daylight walks into a train that is and for some time has been passing before him.'' The

learned court below held that these cases were not controlling as the facts were dissimilar, and said that, while there is no hard and fast rule that signals or warnings are required when a train is on a railroad crossing, there was sufficient evidence of an extra-hazardous situation that required the jury to determine the necessity for warnings or signals. Crosby v. Great Northern R. R. Co., supra (245 N. W. 31, 32), was cited to support this conclusion, where it was said: "Undoubtedly cases do and will arise where a railroad company, because of peculiar and unusual circumstances rendering the situation extra-hazardous, must in the exercise of reasonable care do things which are not required by statute."

But in the case at bar, we do not conclude, as did the learned court below, that, owing to the existence of the hill terminating some distance from the crossing, the defendant's negligence was for the jury's determination. It must be borne in mind that there was no proof of any obstruction interfering with the driver's view of the crossing, or any other unusual condition. Similar conditions prevail at many other railroad crossings in this commonwealth.

In our view, there was no evidence of defendant's negligence. Judgment is therefore affirmed.