## Bodner, Appellant, v. Pennsylvania Railroad Company.

Argued April 17, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*J. Thomas Hoffman,* with him *Elmer J. Wahl,* for appellant.

*Samuel W. Pringle,* with him *Dalzell, McFall, Pringle & Bredin,* for appellee.

OPINION BY RENO, J., July 17, 1947:

This is plaintiff's appeal from a judgment n. o. v. for defendant which the court below entered because plaintiff had not shown negligence by defendant and was contributorily negligent as a matter of law.

On a dry, warm, and windy day in June, 1943, at about 2:30 P. M., plaintiff was crossing defendant's tracks in an automobile, and was struck by a passenger train on the second of four tracks. For 18 years he had lived within 200 yards of the crossing, and for 8 years had driven his car over it about 24 times a week. He was traveling from Carnegie in Allegheny County westwardly on the Noblestown Road, which runs parallel to defendant's right of way, and for a distance of 300 feet passed through smoke emitted from nearby mills and blown upon the tracks. After he had run clear of the smoke for about 200 feet he reached the crossing approach. Stopping his car, on the Noblestown Road, still headed west, he looked and listened for trains. To the east, the direction from which he had come and from which the passenger train which struck him was proceeding, he could see 300 feet, although the view but for the smoke would have been between 900 and 1000 feet.

He then turned his car to the right, drove upgrade 19 feet, and without again stopping, crossed the first track at about 5 miles an hour. As he was crossing the track he saw a train emerge from the smoke, 300 to 350 feet away from him, which struck the right rear of his car when he was almost over the second or west bound track.

It was alleged that the train approached the crossing without a warning signal of its approach. Upon that point, plaintiff testified: "Q. Did you hear any bell or whistle sounded? A. No, sir. They very seldom blow a whistle at that crossing. When they get on top of that crossing they blow for the next crossing, but that don't do us any good there." Subsequently he testified upon the same point without material change of the essence of his testimony. Against this was the positive testimony of other witnesses that the whistle was blown starting about 1000 feet east of the crossing and continuing almost to the crossing when, the engineer seeing plaintiff crossing the tracks 100 feet in front of the train, applied the emergency brake. This was the fourth of five crossings in the vicinity, and it was testified that the automatic bell was turned on before reaching the first crossing and rang continuously until the train stopped after the accident.

Plaintiff's testimony that he did not *hear* a bell or whistle did not establish the vital fact that warning signals were *not* given. That testimony was negative in character, and it, controverted by the positive testimony of defendant's witnesses, was insufficient as a matter of law to establish negligence of defendant by failure to give notice of the approach of the train. *Ealy v. N. Y. Cent. R. R. Co.,* 333 Pa. 471, 5 A. 2d 110; *Haller v. Penna. R. R. Co.,* 306 Pa. 98, 159 A. 10; *Rapp v. Central R. R. of Pa.,* 269 Pa. 266, 112 A. 440.

*Kindt v. Reading Co.,* 352 Pa. 419, 422, 43 A. 2d 145, upon which plaintiff relies, does not hold to the contrary. In that case plaintiffs had unequivocally testified that warning signals had not been given but the court below, which the Supreme Court reversed, held that because the witnesses were not familiar with the grade crossing and therefore not attentive as they approached it, their testimony although positive in form was actually negative. The *Ealy* case was distinguished and confirmed, and its doctrine still applies in a case

like the one at bar where "the evidence relied on was negative in form and substance."

According to plaintiff's testimony, the smoke which obscured his vision originated in a mill located 500 feet from the crossing and in another 400 feet away. He also mentioned smoke from "engines at the bridge there," but the location of the bridge was not stated. The court below experienced difficulty in understanding how or why a mass of smoke, 300 feet long and of the width of the tracks and the road, should have settled upon and covered the tracks on a warm, dry and windy day, and it concluded that it was not obliged to accept testimony which is contradicted by incontrovertible physical facts, nor required to believe what is contrary to human experience and the laws of nature. Cf. *Lamp v. Penna. R. R. Co.*, 305 Pa. 520, 158 A. 269; *Lessig v. Reading T. & L. Co.*, 270 Pa. 299, 113 A. 381. The testimony, denied by other witnesses, does seem incredible, but it is not necessary to rest the decision wholly upon that ground. For, giving plaintiff the full benefit of all his testimony, as we are bound to do upon the review of a judgment n. o. v., he nevertheless cannot recover.

It is clear that the smoke, if present, was not more than a temporary obstruction to vision. The action of the elements, the dry atmosphere, the warmth of the sun, the force of the winds, would dissipate it. "It is unusual . . . for smoke to settle at one point near the earth in the open air and to remain there for any great length of time": *Minella v. Penna. R. R. Co.*, 309 Pa. 479, 483, 164 A. 520. Indeed if we rightly understand plaintiff's testimony the smoke was clearing as he entered the crossing: "Q. Yet you saw this train 300 feet away? A. *It cleared of smoke then.* I was about 200 feet on the other side of the smoke." (Emphasis added.) However that may be, the smoke was a temporary obstruction only, and it was plaintiff's duty to wait for it to clear. His failure to make better use of his senses convicts him of contributory negligence. *McCartney v.*

*Penna. R. R. Co.,* 307 Pa. 226, 161 A. 63; *Hower v. Penna. R. R. Co.,* 308 Pa. 246, 162 A. 231. ". . . the poorer the visibility, the greater the duty of vigilance": *Fidelity Trust Co v. Penna. R. R. Co.,* 326 Pa. 195, 197, 191 A. 609.

Judgment affirmed.