MILES PAUL JONES v. PENNSYLVANIA RAILROAD COMPANY, a Pennsylvania Corporation.

(*October* 12, 1948.)

LAYTON, J., sitting.

*Robert C. Barab* for Plaintiff.

*Henry Van Der Goes* (of Southerland, Berl and Potter) for Defendant.

Superior Court for New Castle County, No. 144, Civil Action, 1948.

LAYTON, J.

In *Philadelphia & Reading Ry. Co. v. Dillon,* 1 *W. W. Harr,* 247, 248, 114 *A.* 62, 65, 15 *A.L.R.* 894, a motorist crashed into the side of a freight car standing on a crossing at night. The Supreme Court of this State, in reversing the trial Court for submitting the issue to a jury, stated:

"The train was lawfully across the highway. The absence of lights on the train, or shown by the trainmen, or other signals to travelers of the presence of the train there is the negligence charged. It is not in itself negligence for a railroad company to allow a train of cars to remain a reasonable or lawful length of time across a highway. This is so stated in the brief of the plaintiff. The absence of such lights or warning signals does not of itself prove that the company was negligent as to the plaintiffs. *Gage v. Boston & M. R. R. Co.,* 77 *N.H.* 289, 295, 90 *A.* 855, *L.R.A.* 1915*A,* 363. There was no statute or ordinance which required such lights or warning, or regulating the speed of or lights on the automobile. The trainmen and the driver of the automobile each had a right to presume that the other would act as a reasonable person under all the conditions and surroundings of the crossing until the contrary should appear."

Plaintiff, however, denies that the rule of the Dillon case can be extended to situations where unusual atmospheric conditions, for instance, a blinding snow storm or dense fog, place such severe limitations upon the motorist's vision that he is unable to see a train either standing on, or proceeding over a crossing; or to state it differently, that a railroad crossing, not in itself inherently dangerous, may become so by virtue of intense snow or heavy fog, in which case it is the duty of the railroad to anticipate the added

peril to motorists and give affirmative warning of the presence of its trains. Plaintiff relies on *Hendrickson v. Pac. R. Co.*, 17 *Wash.* 2d 548, 136 *P.* 438, 161 *A.L.R.* 96, as supporting his proposition which, in fact, it does. But the great weight of authority is to the contrary.

In *Bowers v. Great Northern R. Co.*, 65 *N.D.* 384, 259 *N.W.* 99, 103, 99 *A.L.R.* 1443, the Supreme Court of North Dakota held as follows:

"* * * Plaintiff contends solely that because the defendant obstructed the highway crossing, in view of the blizzard prevailing that night, a duty was imposed upon defendant to use additional means of warning, commensurate with the situation at the time, to inform the traffic that the highway was temporarily obstructed.

"It is plain, however, that defendant had the right to proceed with its train despite the storm just as plaintiff had the right to use the road, and it had the right to cross the highway and to stop on the crossing temporarily when necessary in the operation of its train. Had the collision occurred at a time when the train was in the act of moving over the crossing in a regular way, it could hardly be claimed that the collision would be due to negligent acts on the part of the defendant, even though it was in the nighttime with a blizzard prevailing. * * *"

See also, *Thomson v. Stevens*, (8 *Cir.*) 1939, 106 *F.* 2d 739; *Mabray v. Union Pac. R. Co.*, (*D.C. Colo.*) 5 *F. Supp.* 397; *Wink v. Western Maryland R. Co.*, 116 *Pa. Super.*, 374, 176 *A.* 760. Thomson v. Stevens, *supra* [106 F. 2d 744], states the rationale of the rule thus:

"We are satisfied that, under the law of Iowa, as announced in the cases of *Butters v. Chicago, M. St. P. & P. R. Co.*, 214 *Iowa* 700, 243 *N.W.* 597, and *Dolan v. Bremner*, 220 *Iowa* 1143, 263 *N.W.* 798, the court below should have di-

rected a verdict for the defendant. While the Dolan case involved a lack of visibility due to mist, and this case involves a lack of visibility due to snow, we can see no substantial distinction in principle. If the train crew in the Dolan case were not required to anticipate that a driver's vision might be obscured by mist or fog, the defendant's train crew were not required to anticipate that the vision of a driver might be obscured by a sudden flurry of snow, or that he would be driving at a speed which would prevent him from stopping within the distance that a freight car would be visible."

I am of the opinion that the Defendant's freight train was lawfully proceeding across the crossing in question, and in the light of the authorities cited. Defendant was free from any negligence, and consequently not liable for, the accident in this case. The conclusion here necessarily disposes of the companion case, Civil Action No. 158.

The motions to dismiss both complaints are accordingly granted.