## Cella et al. v. Pennsylvania Railroad Company

*Joseph G. Feldman,* for plaintiffs.

*Theodore Voorhees,* for defendant.

KUN, J., November 5, 1948.—This is a motion to take off a nonsuit.

Plaintiff Cella testified that he was driving his truck with the other plaintiff (Ambrosi) seated next to him as a passenger southwardly on Delaware Avenue approaching Poplar Street, about 75 feet behind a truck and a trailer proceeding in the same direction, and about six feet or seven feet to the left of another

truck moving in the same direction. The truck and trailer ahead of plaintiff's truck, and plaintiff's truck were proceeding in the railroad tracks of defendant. When the truck and trailer ahead of plaintiff neared Poplar Street, it suddenly swerved to the right, evidently because the driver observed a freight car of defendant standing in the tracks ahead of him. Plaintiff, however, proceeded in the same line of travel in the railroad tracks and came into head-on collision with the standing freight car. There was no light on it. Plaintiff-operator testified that lights of a northbound vehicle temporarily blinded him, and that it was raining at the time. The trial judge entered a nonsuit as to both plaintiffs.

While the questions of contributory negligence of plaintiff-operator and the extent of the right of defendant's use of its railroad tracks on Delaware Avenue have been argued, they need not be here determined. We may say in passing, however, that while defendant does not have the exclusive right to the use of its tracks on a street like Delaware Avenue, it must be perfectly clear that it does have the exclusive right to the use of its tracks there actually in use. The question is whether, on the facts stated, defendant is chargeable with negligence.

The precise point on the identical facts has not been decided by any appellate court in Pennsylvania. There are, however, a number of rulings on kindred situations which basically involved the same question to warrant the conclusion that it is not negligent for a railroad to leave a freight car standing on its tracks without a light thereon. Thus in Wink et al. v. Western Maryland Railway Company, 116 Pa. Superior Ct. 374, where minor plaintiff-driver, with his father seated next to him, drove his father's car into the side of a freight train which was at the time passing over a road crossing, and it was claimed the driver was

unable to see the car without lights because of a fog, the Superior Court denied recovery on the ground that this was not a proper basis for charging defendant with negligence. The rationale of the decision is found at page 378, in the following statement of the court:

"Warning signs and signals are provided by railroad companies to warn of the approach of a train to a crossing and not that the crossing is already occupied. *The cars themselves on the track are sufficient warning to a driver of a car of that fact.*" (Italics supplied.)

The court quoted with approval the following from Philadelphia & Reading Ry. Co. v. Dillon, 31 Del. 247, p. 257: "These employees of the defendant company were not negligent in failing to give warning by lights, or otherwise, of the presence of the train as an obstruction to the highway." Authorities from a number of other jurisdictions are cited by the Superior Court in support of the position taken.

The doctrine of the Wink case was later affirmed in Everetts v. Pennsylvania Railroad Co., 330 Pa. 321, in a short per curiam opinion. In a more recent case, Pennsylvania Railroad Co. v. Driscoll et al., 336 Pa. 310, involving a related question as to the necessity for requiring the railroad, as claimed under the so-called Full Crew Statute, to furnish extra brakemen on yard crews operating over or upon highways or streets, the court took the same position (pp. 331, 332):

"More particularly, railroads are under no legal duty to provide warning or protection to highway users at grade crossing *or on streets or highways* where an engine or a draft of cars is on the crossing *or street or highway* and is visible to such highway users, *the presence of the engine or draft on the crossing or street being sufficient warning to them of the dangers incident thereto.*" (Italics supplied.)

The charge of negligence against defendant was not established.

The motion to take off the nonsuit is refused.