**Michael D. YAZVAC**

v.

**The BALTIMORE AND OHIO RAIL-ROAD COMPANY, a Maryland Corporation,**

v.

**Marlene M. SABOL, Administratrix of the Estate of Lawrence D. Sabol, Deceased.**

**Civ. A. No. 70-402.**

United States District Court,
W. D. Pennsylvania.

May 19, 1972.

---

**162**

George J. Miller, Pittsburgh, Pa., for plaintiff.

Gary F. Sharlock, Pittsburgh, Pa., for defendant and third-party plaintiff.

Donald I. Shrager, Pittsburgh, Pa., for third-party defendant.

## OPINION

WEBER, District Judge.

This action arose from a grade crossing accident involving one of defendant's trains and an automobile driven by Lawrence D. Sabol, deceased, in which plaintiff Yazvac was a passenger, asleep in the rear seat. The case proceeded through trial, and at the close of all the evidence, the defendant moved for a Directed Verdict on the grounds that the plaintiff failed to make a prima facie showing that the railroad was guilty of any negligence. This court granted the motion pursuant to Fed.R. of Civ.P. 50.

Plaintiff Yazvac has now moved for a New Trial and to Vacate the Directed Verdict. His sole contention is that the jury should have been allowed to decide the question of whether the railroad gave adequate warning of the presence of a train at this crossing under the peculiar circumstances of this case. The peculiar circumstances which plaintiff alleges existed at the time of this accident are that it was a foggy night, that the railroad had knowledge of prior accidents at this crossing, that this crossing was dangerous and ultrahazardous, and that, therefore, the railroad had a duty to give the unfamiliar traveler more warning than the highway approach sign, the roadbed lettering and a crossbuck sign.

Assuming, arguendo, that plaintiff was not contributorily negligent since he was asleep on the rear seat of the automobile, and also assuming that the grade crossing was ultrahazardous, the plaintiff still had the burden of proving a prima facie case of negligence against the railroad. He failed to meet this burden at trial. The relevant factor here is that the Sabol vehicle hit the side of the train which was moving across the grade crossing. Both plaintiff's admission in his brief on this motion and the testimony adduced at trial are sufficient to establish this fact, a fact which is dispositive of the issue of whether the railroad gave adequate warning.

From as early as Wink v. Western Maryland R. R. Co., 116 Pa.Super. 374, 176 A. 760 [1935] through Hogg v. Bessemer & Lake Erie R.R. Co., 373 Pa. 632, 96 A.2d 879 [1953], the law of Pennsylvania has been that where a train is already on the tracks, i. e., where it is moving over the grade crossing, no other warning is necessary to notify the highway traveler of its presence. In both Hogg and Yolton v. Pa. R.R. Co., 368 Pa. 429, 84 A.2d 501 [1951], the court considered the argument now advanced by plaintiff, viz., that something more in the nature of a warning to motorists is required of a railroad when the crossing is dangerous and ultrahazardous. The Pennsylvania Supreme Court has twice flatly rejected this argument. ". . . we are of the opinion that such facts are not sufficient to remove the case from the ruling established in the *Wink* case." *Hogg,*

373 Pa. at p. 644, 96 A.2d at p. 885, quoting *Yolton*, 368 Pa. at p. 435, 84 A.2d 501.

Two cases cited by the plaintiff at oral argument on this motion are Fallon v. Penn Central Transp. Co., 444 Pa. 148, 279 A.2d 164 [1971], and Johnson v. Pa. R.R. Co., 399 Pa. 436, 160 A.2d 694 [1960]. These cases were concerned with cars which were struck by trains not already moving over the crossing, and are inapposite to the present fact situation.

Therefore, since the plaintiff failed to present a prima facie case of defendant's negligence, this court is convinced that the granting of defendant's Motion for Directed Verdict was proper.