## Eddy *v.* Reed, Appellant.

*Automobile collision—Pole protruding from rear of wagon—Case for jury—Practice C. P.—Appeals—Evidence.*

In an action of trespass to recover damages for personal injuries, it appeared that plaintiff, driving an automobile at a speed of about fifteen miles an hour, attempted to pass defendant's wagon; and that a pole which was sticking out of the back of the wagon went through the wind shield, hitting the steering wheel of the car and injuring the plaintiff. It further appeared from the evidence of the plaintiff that it was a dark and foggy night, that the pole was about two by four inches in size and extended about ten feet from the back of the wagon and that there was no light on either the rear of the wagon or the pole.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

In passing upon the question, on appeal, whether there was sufficient evidence on behalf of the plaintiff to submit the case to the jury, the plaintiff's testimony must be taken in its most favorable light. The plaintiff was entitled to the benefit of every inference that may be drawn from it.

Argued October 21, 1925. Appeal No. 216, October T., 1925, by defendant from judgment of C. P. No. 2 Philadelphia County, December T., 1923, No. 3224, in favor of plaintiff in the case of Carol Eddy *v.* William Reed. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover for personal injuries and damages to an automobile. Before GORDON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,250.00 and judgment thereon. Defendant appealed.

*Error assigned* was, among others, refusal of the defendant's motion for judgment non obstante veredicto.

*Layton M. Schock,* for appellant.

*Maurice W. Sloan,* for appellee.

OPINION BY PORTER, J., December 14, 1925:

The defendant appeals from a judgment in favor of the plaintiff, in this action for personal injuries and damages to an automobile. About half past two o'clock on the morning of December 5, 1923, the plaintiff was driving her automobile westwardly on the Walnut Street bridge, in the City of Philadelphia. It was a dark, foggy night. The lights on her car were lit and she was driving at the rate of about fifteen miles an hour. She saw the defendant's wagon when about forty feet ahead of her, also proceeding westwardly. When she got to a point about ten feet in the rear of the wagon she started to turn out, in order to pass around it, and just as she did so a pole which was sticking out of the back of the wagon went through her windshield, hitting the steering wheel of the car and injuring the plaintiff. The only assignments of error are to the refusal of a point for binding instructions and the overruling of a motion for judgment non obstante veredicto.

Did the court err in submitting the case to the jury? In passing upon this question the plaintiff's testimony must be taken in its most favorable light. She is entitled to the benefit of every inference that may be drawn from it: Thatcher v. Pierce, 281 Pa. 16. The evidence for the plaintiff, if true, warranted a finding that the wagon of the defendant was being driven upon the public highway on a dark and foggy night, the wagon was loaded with scenery from a theatre and there extended about ten feet from the back of the

wagon a pole which was about two by four inches in size, and there was no light on either the rear of the wagon or upon the pole. The question whether a pole of this size extending ten feet beyond the rear of the wagon, being driven on the public highway on a dark night, involved danger to those who might be driving another vehicle approaching from the rear, was one upon which the court could not pass as a matter of law; the negligence of the defendant was a question for the jury. The appellant contends that had the lights upon the car of the plaintiff been such as required by section 20 of the Act of June 30, 1919, P. L. 691, the plaintiff ought to have seen the pole protruding from the rear end of the wagon. The difficulty with this position is that the provisions of the statute relating to the lights upon automobiles require that the lights "shall be so arranged, designed, diffused, or deflected that no dazzling rays of light shall, at a point seventy-five feet or more ahead of the lamps, rise more than forty-two inches above the level surface on which the vehicle stands," and the evidence in this case certainly indicated that the pole in question was more than forty-two inches above the roadway. The plaintiff did see the wagon, although it was dark, foggy and raining, when she was forty feet distant from it, but she did not see the pole. One of the employees of the defendant who was upon the wagon, testified that he had placed a lighted lantern upon the pole, securely fastened to it, when the wagon left the Arch Street Theatre from which it was proceeding. The court instructed the jury that if the light was so placed upon the pole when the wagon left the Arch Street Theatre, the plaintiff was not entitled to recover. This was an instruction as favorable, if not more so, than any to which the defendant was entitled. The questions of the negligence of the defendant and the contributory negligence of the plaintiff were submitted to the jury

in a charge of which the appellant has no just ground of complaint.

The judgment is affirmed.