Simrell et ux. *v.* Eschenbach, Appellant.

Argued January 26, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.

*Clarence Balentine,* with him *P. L. Walsh* and *Fred A. Hughes,* for appellant.—It is negligence as a matter of law to drive an automobile along a public highway in the dark at such speed that it cannot be stopped within the distance that objects can be seen ahead of it: McGrath v. R. R., 71 Pa. Superior Ct. 1; Brink v. Scranton, 85 Pa. Superior Ct. 342; Serfas v. R. R., 270 Pa. 306; Lane v. Mullen, 285 Pa. 161; Eddy v. Reed, 86 Pa. Superior Ct. 578; Hilton v. Blose, 297 Pa. 458; Yocum v. Bloomsburg, 289 Pa. 512.

Mrs. Simrell was guilty of contributory negligence: Dunlap v. P. R. T. Co., 248 Pa. 130; Hoffman v. R. R., 278 Pa. 246; Kelly v. Northampton County Society, 286 Pa. 97; Griffiths v. Transit Co., 292 Pa. 489; Martin v. R. R., 265 Pa. 282; Alperdt v. Paige, 292 Pa. 1.

*Stanley F. Coar,* with him *David J. Reedy,* for appellees.—The question of plaintiff's contributory negligence was properly submitted to the jury: Eastburn v. Express Co., 225 Pa. 33; Post v. Richardson, 273 Pa. 56; Kuhns v. Traction Co., 290 Pa. 303; Wilson v. Beef Co., 295 Pa. 168; Lane v. Mullen, 285 Pa. 161; Clamper v. Phila., 279 Pa. 385.

Mrs. Simrell was not guilty of contributory negligence: Johnson v. Hetrick, 300 Pa. 225; Schlossstein v. Bernstein, 293 Pa. 245; Carlin v. Traction Co., 290 Pa. 288.

OPINION BY MR. JUSTICE WALLING, March 16, 1931:

The plaintiffs, Eugene Simrell and Mildred Simrell, his wife, brought this action against the defendant, A. A. Eschenbach, on account of injuries sustained in an automobile collision. The Lackawanna Trail is a main public highway extending, inter alia, from Scranton northerly to Binghampton, New York, and, in the early morning of November 8, 1927, the defendant sent a large loaded truck from the former city northerly along this highway. When some six miles north of Scranton the

truck lost its power and was guided toward the right where it stopped on the side of the twenty-four foot pavement, leaving about eighteen feet of open space on the left side of the truck. The evidence for plaintiffs, which we must accept as true, was that no red light or other warning was on the rear of the truck. The plaintiffs going north in a Franklin coupé collided with the rear end of the truck and were both injured, the wife very seriously. The accident happened at approximately four o'clock a. m. Plaintiffs' evidence indicated that it was cloudy and dark, although there was a moon. Permitting the truck to stand unprotected by lights or otherwise on the pavement of this busy highway fully justified the verdicts in favor of plaintiffs so far as related to the negligence of the defendant. From judgments entered thereon, however, he brought these appeals and strongly urges the defense of contributory negligence. Simrell resided at Clarks Summit, about one mile north of the place of accident, where he had been engaged in the practice of his profession as a physician for twenty years and therefore was thoroughly familiar with the highway in question. He was also thoroughly familiar with his coupé and its condition as to lights, etc. The statute required him to have such headlights or headlight as would disclose the face of the road for a distance of one hundred and sixty feet. His lights had been recently inspected and the proof was that they were in good condition, yet he testified he could see the truck only when within twenty feet of it and not in time to stop or turn aside, as he was going about twenty-five or thirty miles an hour. One reason urged for his inability to have a longer range of vision was a bend in the road south of the point of accident; but after passing this he had a straight range for over sixty feet before coming to the truck. In other jurisdictions there is a lack of harmony of the rule as to whether the driver of a motor vehicle must have it under such control as to be able to stop within the range of his lights, but we have uniformly

held that he must. This is so even where the vision is shortened by storm or other conditions. See Mason v. Lavine, Inc., 302 Pa. 472, also Filer v. Filer, 301 Pa. 461. See also McGrath v. P. R. R. Co., 71 Pa. Superior Ct. 1. In Mars v. P. R. T. Co., 303 Pa. 80, we hold that the same rule applies to the cars of an electric motor company located by the side of the pavement of a public highway. These very recent cases and the references therein, sufficiently support the rule above stated, and to like import is Huddy on Automobiles (6th edition), section 307, which states: "One restriction on his [the driver's] speed is that he shall keep the machine under such control and operate it at such speed that he can stop the machine and avoid an obstruction or danger or another traveler within the distance that the highway is illuminated by his lights. As was said in one case, 'It was negligence for the driver of the automobile to propel it in a dark place in which he had to rely on the lights of his machine at a rate faster than enabled him to stop or avoid any obstruction within the radius of his light, or within the distance to which his lights would disclose the existence of obstructions...... If the lights on the automobile would disclose obstructions only ten yards away it was the duty of the driver to so regulate the speed of his machine that he could at all times avoid obstructions within that distance.' " Mr. Justice KEPHART, speaking for the Superior Court, in McGrath v. P. R. R. Co., supra, says: "It is the duty of the driver of a car, driving on a dangerous highway on a dark, stormy night, to have his car under such control that he may stop or turn it away when objects intercepting his passage come within range of the rays of light from his lamps. If he drives so fast that he cannot avoid what ordinary prudence would make a known obstruction, he is guilty of negligence." See also Brink v. City of Scranton, 85 Pa. Superior Ct. 342. It is the only safe rule, for it is possible obstructions may appear at any time in the traveler's path, as the result of accident or

otherwise. If plaintiff could see an object as large as a truck for only twenty feet then he should have moderated his speed accordingly; or, if the body of the truck was above the direct rays from his lights, he should have taken that fact into consideration. There were at least two rear tires, each twelve inches in width, which came within the direct range of his lights. This rule as to contributory negligence applies where the car is driven against a railroad train (Hilton v. Blose, 297 Pa. 458); or upon the railroad track, without stopping (Serfas v. Lehigh & New Eng. R. R. Co., 270 Pa. 306); but does not apply, as matter of law, where the obstruction is too small to be readily visible in the dark, as a rope (Clamper v. Phila., 279 Pa. 385), or for failure to discover every detail of an obstruction, as a projecting coal box high upon a steam shovel, which latter had been avoided (Lane v. Mullen, 285 Pa. 161), or the end of a pole: Eddy v. Reed, 86 Pa. Superior Ct. 578. The rule that one placed in sudden peril through the negligence of another will not be held liable for an error of judgment, is sound, but inapplicable in the instant case, because Simrell was himself at fault in failing to have his car under proper control. See Montgomery v. Phila., 270 Pa. 346; Aiken v. P. R. R. Co., 130 Pa. 380. Furthermore, Simrell ran head on directly into the truck and so far as appears failed either to slacken his speed or turn aside. We conclude that, on the facts as developed by the testimony on behalf of the plaintiffs, Doctor Simrell was guilty of such contributory negligence as bars his recovery.

As to the wife plaintiff, the case is otherwise. Plaintiffs had been to Kingston, some twenty-five miles south, that evening, on a visit, and while returning the accident happened. He owned and drove the coupé over which she had no control and no voice as to its management; hence, the rule as to joint enterprise does not apply: Johnson v. Hetrick, 300 Pa. 225; Alperdt v. Paige, 292 Pa. 1. That she suggested the visit is of no

moment, for when she entered the coupé it was at his express or implied invitation and she was an invited guest. In a legal sense, under the cases above cited, they were not on a joint enterprise. We so hold in Schlossstein et ux. v. Bernstein, 293 Pa. 245, where the parties were out looking for cherries. While the husband's negligence would not defeat the wife's action, yet her own negligence would. As an occupant of the car she was bound to exercise reasonable care for her own safety, but the record discloses nothing which as matter of law proves the contrary. So far as appears, the doctor was, in general, a careful driver and she did not know that the defendant's truck or any other obstruction or danger lurked by the way. Hence, there was no reason why she should be alert. Under such circumstances, she is not to be convicted of negligence by the fact that she did nothing. A passenger is only required to act in the presence of some threatened danger. As she took no part in the driving and knew of no danger, the fact that she was dozing when the crash came did not necessarily convict her of negligence. We recently held that where a passenger was reading a newspaper, and hence equally inattentive to the car, the question of his contributory negligence was for the jury. See Kilpatrick v. P. R. T. Co., 290 Pa. 288. Had the wife voluntarily joined in testing a known danger as in Alperdt v. Paige, supra, the rule would be otherwise; so it would, where the passenger failed to call the driver's attention to a danger which the former saw, as in Dunlap v. P. R. T. Co., 248 Pa. 130. The instant case resembles Azinger v. P. R. R. Co., 262 Pa. 242, where the wife was held not precluded from recovery because of the negligence of her husband. In the course of the opinion there, the present Chief Justice, speaking for the court (page 250), says: "The tendency of our decisions is to hold a passenger responsible for his actual negligence in joining with the driver in testing a danger he knows exists, and not for the result of mere

inaction in failing to discover dangers of which he is ignorant, but might have discovered had he been giving attention to the roadway ahead of him." See also Vocca v. P. R. R. Co., 259 Pa. 42. Mr. Justice SADLER, speaking for the court, in Campagna v. Lyles, 298 Pa. 352, 357, says: "The authorities are clear in Pennsylvania that when one is an invited guest, he is ordinarily not chargeable with the negligent acts of the one controlling the machine, and a lack of care on the part of the latter is not to be imputed from the mere fact that he is an occupant of the car [citing authorities]. In such case, to prevent judgment it must appear that the guest was himself negligent in failing to do something possible to avoid the apparent injury threatened."

The judgment in favor of the plaintiff, Eugene Simrell, is reversed and is here entered for the defendant non obstante veredicto and the judgment in favor of the wife plaintiff, Mildred Simrell, is affirmed.