Shoffner *v.* Schmerin, Appellant.

324

Argued September 25, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Percy Allen Rose,* with him *W. N. Conrad, John McI. Smith,* of *Nauman, Smith & Hurlock,* for appellant.

*Edward Friedman,* with him *Charles J. Margiotti,* for appellee.

OPINION BY MR. JUSTICE MAXEY, November 26, 1934:

This is an appeal from the refusal of the court below to enter judgment in favor of the defendant notwithstanding a verdict of $15,927 for plaintiff.

At 10 p. m., October 29, 1931, the plaintiff was operating an automobile on the public highway. As he traveled toward Sykesville he encountered patches of fog, described by him as "light fog, the headlights shone through them and the highway was visible." The road traversed was "over hills and through valleys" and plaintiff "passed through a number of fog pockets." These pockets of fog were visible "several hundred feet ahead." As plaintiff came around a curve about two miles from Sykesville he saw at the bottom of a grade what he "thought was a slight amount of fog." He soon realized the fog was heavier and put on his brake and as he entered that fog he saw the outline of a truck bed and, as he testified, he "was putting on [his] brake but the distance was too short" and he "immediately crashed into the truck." Plaintiff said: "The first I saw the truck was when I ran into the fog bank." He described this fog bank as "a good many times heavier than the previous fog pockets" and that "the visibility at that point was very poor after" he "entered the fog." The truck was defendant's, who claimed it was at the time proceeding at a speed of three

to five miles an hour in the same direction as plaintiff. The latter said the truck was standing still.

Plaintiff alleged defendant was negligent "in operating the truck in a careless manner and without the necessary control of said truck under the circumstances......and in failing to have his car equipped with a tail-light." Plaintiff's evidence was that he "saw no tail-light burning" on the truck.

We find in this record such a deficiency of evidence of defendant's negligence that the latter's motion for judgment n. o. v. might well be sustained on that ground alone. For a truck to proceed, *on the proper side of the highway,* through a fog bank at a cautious rate of speed or even to stand still there in a proper position for a reasonable length of time for any legitimate reason is not in itself negligence. Fog may be so dense on the highway that to proceed at any rate of speed is imprudent. No violation of the Motor Vehicle Code by the defendant was shown here. That plaintiff "did not see" a tail-light on the truck is negative evidence and of minimal, if any, value on the issue: Was there a tail-light burning on defendant's truck? Such testimony is of no avail in the face of the positive testimony of the driver of the truck that he knew the tail-light was burning at the time of the accident because he "could see the reflection of it in the mirror before we came to the fog."

However, the evidence of plaintiff's negligence is so conclusive that it alone—regardless of whether or not there was evidence of defendant's negligence—requires the entry of judgment n. o. v. in favor of defendant. Cautious movement in fog is required of motorists (as it always has been of navigators). To take "a leap in the dark" is to invite self-injury or self-destruction. On the night of this unfortunate accident the plaintiff had been well aware of the presence of fog on the highway. Even though he characterized this as "light fog," he should nevertheless have proceeded with the utmost caution both from fog bank to fog bank and through them.

When he testified, as he did, that he "couldn't see that truck before" he "entered into that fog bank" and that "the first" he "saw the truck was when" he "ran into the fog bank," he left with reason the choice of but one inference, to wit, that he was negligent. He further admitted on cross-examination that his car was going down hill a short distance before it reached the pocket of fog where the truck was, and that the truck was a short space from the foot of the incline and on an up-grade and that this made it "impossible for the lights to illuminate as well as when it was on the same grade."

This collision would not have occurred if the plaintiff had had his car "under control" as he approached defendant's truck. We said in Galliano v. East Penn Electric Co., 303 Pa. 498, at 503, 154 A. 805: "It is the duty of the driver of a motor vehicle at all times to have his car under control, and having one's car under control means having it under such control that it can be stopped before doing injury to any person in any situation that is reasonably likely to arise under the circumstances." That the situation plaintiff met here was one "reasonably likely to arise under the circumstances" then prevailing is self-evident. There is far more likelihood of crashing into a vehicle on a foggy land highway than there is of crashing into a vessel on a foggy sea, for the highways of the sea are wide, yet it is an imperative rule of navigation that there must be no speed in a fog. Disregard of that rule has often led to tragedy.

Plaintiff's speed being excessive under the circumstances, it was not necessary to prove the degree of its excessiveness. It may be noted, however, that the speed was such that, though the truck with its contents weighed 12,000 pounds, its body was "pushed up toward the cab" and "bent the cabin," that the motor of plaintiff's coupé "was on the ground, that the radiator was totally demolished and pushed back where the motor should have been," that plaintiff himself was rendered unconscious and remained so until after he was taken to the hospital,

and that the injuries he sustained were so serious as to confine him to the hospital for eleven weeks. Plaintiff's own testimony and the admitted facts as to the extent of the injuries to both coupé and truck and to the plaintiff himself lead to but one conclusion and that is, that plaintiff, in driving his car into a fog bank which was clearly visible to him for at least 500 feet before he entered into it, was contemptuous of caution. That he "thought this was a slight amount of fog" does not excuse him. Fog is fog and its obscurative qualities are known to all individuals who possess even the slight amount of intelligence legally required to qualify one to drive an automobile on the public highways. When plaintiff drove his car into a fog bank which hid a truck from his view, he simply spurned prudence and relied on chance. That chance failed him is his misfortune, not defendant's fault.

The judgment of the court below is reversed and judgment is herein entered for defendant non obstante veredicto.