**PAGENKAMP v. DEVILLEZ.**

No. 5493.

Circuit Court of Appeals, Seventh Circuit.

Dec. 10, 1935.

Philip G. Listeman and John M. Karns, both of East St. Louis, Ill., for appellant.

Preston K. Johnson, of Belleville, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and MAJOR, District Judge.

MAJOR, District Judge.

This is an appeal from a judgment entered by the District Court on a verdict directed by the court at the conclusion of plaintiff's testimony in an action for damages on account of alleged personal injury.

There is little, if any, dispute concerning the facts. Briefly, they disclose plaintiff, a woman sixty years of age, was, on the 17th day of March, 1933, riding as an invited guest in the rear seat of an automobile driven by one W. R. Porter. Seated in the front seat with the driver was the thirteen year old daughter of plaintiff. The car was being driven in a northerly direction on Illinois Route No. 142 where the same intersects Route No. 1, which runs in an easterly and westerly direction, both of which routes are paved highways. As the driver of the car approached the intersection, he stopped his car some 25 to 30 feet south of the southerly edge of Route No. 1 and at or near a stop sign. Looking to the east he saw an automobile on Route No. 1 some 500 to 600 feet east of the intersection and approaching the same at a rate of speed estimated by witnesses other than the driver at 50 miles per hour. Starting his car in second gear, the driver proceeded in a northerly direction at a speed of some 12 miles per hour, and just after passing the center of Route No. 1 this car was struck on its right side by the car approaching from the east, or right-hand side. It was in this collision that plaintiff suffered the injuries complained of.

The driver also saw the approaching car when it was within 10 to 12 feet of his car. Plaintiff's daughter in the front seat likewise saw the approaching car some 500 feet from the intersection and again a few feet before the collision. Plaintiff, as the car approached the intersection, was asleep, or nearly so, and neither looked nor knew of the approaching car until the collision occurred.

The trial court directed a verdict on the ground that the plaintiff, as a matter of law, was guilty of contributory negligence. The only question presented by this appeal is whether the trial court erred in this respect.

■ The law is well established that a passenger in an automobile is required to exercise reasonable care under the circumstances, or, in other words, must use the same care that a reasonably prudent passenger would use under like circumstances. It is likewise well settled that negligence bars a recovery only when it directly and proximately contributes to the injury. The courts have oftentimes had occasion to apply these propositions of law in cases presenting a variety of facts. Generally it is held that the question as to whether or not a plaintiff is guilty of contributory negligence is one of fact rather than of law. It is only the latter when the court can say from the evidence that all reasonable minds would reach the same conclusion.

■■ We are cited a number of decisions of state courts dealing with the question as to whether a passenger asleep at the time of an accident is, as a matter of law, guilty of contributory negligence. These decisions are not entirely in harmony, but the greater weight seems to support what seems to us the better rule, namely, that under most circumstances such conduct presents a question for the jury.

In the recent case of Smith v. Courtney, 281 Ill.App. 530, on page 538, which was an action for damages growing out of a collision of motor vehicles in which some of the plaintiffs were asleep at the time, the court said: "We are of the opinion that the facts of this case distinguish it from that line of cases where there is a duty upon a guest in an automobile to be on the lookout for danger at places where it is known that danger is likely to exist and that the question of the contributory negligence of the three plaintiffs who were asleep was for the jury."

In McAndrews v. Leonard, 99 Vt. 512, 134 A. 710, on page 716, where plaintiff was asleep in the rear seat of the automobile when the accident happened, the court said: "It was but one of the several facts and circumstances in the case to be considered in that connection. The plaintiff's acts and omissions to act in this respect were to be measured by what a careful and prudent person would have done in the same situation, and it was for the jury to determine."

In Simrell et al. v. Eschenbach, 303 Pa. 156, 154 A. 369, on page 371, in sustaining a judgment for the plaintiff who was an invited guest, the court said: "As she took no part in the driving and knew

of no danger, the fact that she was dozing when the crash came did not necessarily convict her of negligence."

In Goehmann et al. v. National Biscuit Co. et al., 204 Wis. 427, 235 N.W. 792, on page 793, the court said: "The plaintiffs were not negligent in failing to warn Immel [the driver] of the approaching car because he was aware of its approach."

Just what a passenger in an automobile should do to be free from negligence, especially when suddenly confronted with danger, is difficult to determine and, no doubt, invariably depends upon the facts in the particular case. A sudden warning might well be calculated to confuse the driver and lead to accidents which otherwise might not occur. In other words, under the facts in some cases, the exercise of proper care on the part of the passenger might require a warning to the driver of approaching danger and, in other cases, complete silence would be the wiser policy.

In the present case, the driver of the car saw the stop sign and stopped his car for the intersection. He saw and had knowledge of the approaching car. Under these circumstances, what could the plaintiff have done or said, or what action could she have taken had she been awake, which would have prevented the collision and resulting damages? It certainly would be an arbitrary rule to require that she warn the driver of a situation of which he was already cognizant. The collision was not occasioned by the lack of such knowledge on the part of the driver, but it is a fair inference from the evidence that it was the result of a miscalculation on the part of the driver of the time necessary to cross the highway. Perhaps the approaching car was traveling at a rate of speed greater than the driver realized, or perhaps more time was consumed by him after making the stop and starting and driving his car across the danger point than he expected.

Even if it be conceded that plaintiff's duty was to be awake and watching for danger and that such failure constituted negligence on her part, it does not necessarily follow that such negligence directly and proximately contributed to her injury. She had no knowledge of the mechanism of the automobile or control over its movements, and we can not say, as a matter of law, that she was guilty of contributory negligence which would bar recovery. Such question was, in our opinion, a proper one for determination by the jury.

The cause is therefore reversed and remanded.