## Lauerman et al. *v.* Strickler, Appellant.

Argued April 25, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Robert D. Dalzell,* of *Dalzell, McFall* and *Pringle,* with him *Richard K. Sharpless,* for appellant.

*Frank Reich,* with him *James P. McArdle* and *Samuel A. Weiss,* for appellee.

OPINION BY RHODES, J., July 19, 1940:

This is an action in trespass brought to recover damages for personal injuries to minor plaintiff resulting from the collision of the automobile which he was driving and an automobile owned and operated by defendant. At the time of the trial minor plaintiff had attained his majority. At the close of plaintiffs' case defendant offered no testimony, but presented a point for binding instructions, which was refused, and the case was submitted to the jury. The jury returned a verdict in favor of John G. Lauerman, a minor at the time of suit, in the sum of $300, and a verdict in favor of Victor W. Lauerman and Elizabeth Lauerman, parents, in their own right, in the sum of $900. This appeal by defendant is from the refusal of the court below to

enter judgment in favor of defendant notwithstanding the verdicts for plaintiffs.

On July 7, 1936, at about 6:15 a. m., minor plaintiff was operating an automobile on the public highway, route No. 31, between West Newton, Westmoreland County, and Monongahela City, Allegheny County. While descending what is known as Deep Cut Hill, at 25 or 30 miles an hour, he rounded a curve and discovered a dense fog which was then 15 or 20 feet from him. Upon seeing the fog he applied his brakes and reduced the speed of his automobile. After traveling two or three car lengths into the fog, he collided with the rear end of the automobile of defendant, which was stopped on the right side of the white center line of the highway. Minor plaintiff said that "the whole valley was filled with fog" that morning; that he did not see the fog until he got 15 or 20 feet from it; and that this failure must have been due to the reflection of the sun on the fog. From the top of the hill to the place where the accident happened was about 450 feet. The curve starts about 150 to 200 feet from the place of the accident. The accident was about 45 or 50 feet from the end of this curve near the bottom of Deep Cut Hill. Minor plaintiff entered the fog bank at about 15 miles an hour; it was so dense that there was no visibility beyond 10 feet. Two other automobiles following minor plaintiff entered the fog bank, the first automobile striking the rear bumper of minor plaintiff's automobile, and the second striking the rear bumper of the first. The driver of the former admitted that he could not stop within the distance that he could see.

The record does not disclose how long defendant had stopped before the collision occurred. There was testimony that two men were out of defendant's automobile wiping off the windshield. Defendant's automobile was standing still on the highway, but how long it had been

there does not appear, and no other reasons were given for stopping.

Defendant contends that there was not sufficient evidence of his negligence to submit to the jury, and that plaintiff was guilty of contributory negligence as a matter of law. We do not deem it necessary to pass upon the sufficiency of the evidence of defendant's negligence, although, for a motor vehicle to stand still in a fog bank in a proper position on the proper side of the highway for a reasonable length of time for any legitimate reason is not in itself negligence, as fog may be so dense on the highway that to proceed at any rate of speed is imprudent. *Shoffner v. Schmerin,* 316 Pa. 323, 326, 175 A. 516.

Having reviewed the evidence in the light most favorable to plaintiffs, we are obliged to conclude that minor plaintiff was contributorily negligent as a matter of law, and that judgment notwithstanding the verdicts must be entered in favor of defendant regardless of whether or not there was evidence of his negligence.

The driver of a motor vehicle on the highway must have it under such control as will permit him to bring the vehicle to a stop within the "assured clear distance ahead." This was the statutory requirement at the time of the accident. Section 1002, art. 10, of the Motor Vehicle Code of May 1, 1929, P. L. 905, as amended by the Acts of June 22, 1931, P. L. 751, §2, and July 16, 1935, P. L. 1056, §29, reads in part as follows: "(a) ...... no person shall drive any vehicle upon a highway ...... at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead." This, as held in *Stark v. Fullerton Trucking Co. et al.,* 318 Pa. 541, 179 A. 84, and in *Janeway et al. v. Lafferty Bros.,* 323 Pa. 324, 327, 185 A. 827, requires that a driver keep his car under such control that he can always stop within the distance that he can clearly see. "This distance, of course, varies

with the circumstances. The range of vision may be shortened by storm, fog or other conditions: *Simrell v. Eschenbach,* supra [303 Pa. 156, 154 A. 369]; *Shoffner v. Schmerin,* supra [316 Pa. 323, 175 A. 516]. It may be long, as on a straight road in bright daylight, or it may be extremely short, as here. Whatever it may be, the duty imposed on the driver varies accordingly, and he must so operate his car as to be able to stop safely within that distance": *Janeway et al. v. Lafferty Bros.,* supra, 323 Pa. 324, at page 327, 185 A. 827, at page 828. See *Gaber et ux. v. Weinberg,* 324 Pa. 385, 388, 188 A. 187.

Referring to section 1002 of the Motor Vehicle Code, supra, 75 PS §501, our Supreme Court said, in *Stark v. Fullerton Trucking Co. et al.,* supra, 318 Pa. 541, at page 544, 179 A. 84, at page 86: "This implies that the driver will always be carefully watching so much of the road as is included within that 'assured clear distance ahead,' and will always keep his car so under control that he can stop it within that distance. What this will be, of course, will vary according to the visibility at the time and other attending circumstances, but, after taking those circumstances into consideration, the requirement is fixed and unchangeable."

The conclusion is inescapable that minor plaintiff was either driving his automobile at too great a speed to enable him to stop before meeting defendant's automobile obscured by fog, or he was not paying proper attention to the roadway which the conditions required. *Hutchinson v. Follmer Trucking Co.,* 333 Pa. 424, 428, 5 A. 2d 182. He testified that he did not see defendant's automobile until he "was about 10 feet away from it in the fog." He also testified: "Q. How far did you get into the fog before the accident took place? A. I went in the fog, probably, about two or three car lengths. Q. During that time were you still applying your brakes? A. I was applying the brake to come to a

reasonable speed to drive through this fog for all the visibility there was because I knew of this bad curve at the bottom. ...... Q. Did you have your emergency brake on? A. I pulled it on but I didn't pull it full on, I just used it to check my speed to a reasonable speed." Minor plaintiff's own testimony establishes his negligence. While unable to see what was in front of him on the highway, because of the reflection of the sun on the fog, or because of the curve in the highway, he nevertheless continued in a manner to invite disaster if anything beyond his vision confronted him on the highway. After he became cognizant of the presence of dense fog, which prevented him from seeing more than 10 feet ahead, he merely reduced his speed (as he said— to a reasonable speed) to drive through it. Minor plaintiff's range of vision was limited by the curve, and further impaired by the fog which he entered. Proceeding under such circumstances at a speed greater than permitted him to bring his automobile to a stop within the assured clear distance ahead, "he simply spurned prudence and relied on chance": *Shoffner v. Schmerin,* supra, 316 Pa. 323, at page 328, 175 A. 516, at page 518. The fact that he did not anticipate there would be fog around the curve does not excuse him. And it is unavailing to say that he had no reason to expect defendant's automobile to be stopped on the highway obscured by the fog, and into which he crashed.

Assignments of error are sustained.

Judgments are reversed, and judgment is here entered for defendant.