Ray *v.* Manculich, Appellant, et al.

Argued October 3, 1949; reargued January 4, 1950.
Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON,
STEARNE and JONES, JJ .

*Sanford M. Chilcote,* with him *Dickie, Robinson &
McCamey,* for appellant.

*William D. Hilldorfer*, for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 11, 1950:

These are appeals by defendant from the refusal of motions for judgment *non obstante veredicto*.

George Devlin was the owner and operator of an automobile. In the early morning around two o'clock, Devlin, with Charles H. Ray as a guest passenger, was returning to Pittsburgh from the Elks Club in Donora. He was driving on state highway number 88, a paved and well travelled highway twenty feet wide. He was driving through dense fog with poor visibility. After stopping at a restaurant in Monongahela for a meal plaintiffs proceeded to a point near Mineral Beach. The hour was between 4.30 and 5 o'clock a. m. At the suggestion of Ray, Devlin stopped his car because of the increased density of the fog and the poor visibility. Devlin and Ray remained seated in the car from twenty minutes to a half hour. While the car was thus stopped, or parked, a truck operated by an employe of defendant, Alex Manculich, travelling the highway in the same direction, crashed into the rear of Devlin's automobile, damaging it and injuring both plaintiffs. In the suit of Ray (the guest passenger), Devlin (owner and operator of the car) was joined as an additional defendant. The jury rendered verdicts for both plaintiffs against defendant Manculich, and in the Ray suit, in favor of the additional defendant Devlin. Defendant neither seeks nor desires a new trial. He relies solely upon his motions for judgment n. o. v. The appeal presents the question: were plaintiffs guilty of contributory negligence as *matter of law*?

Where evidence of plaintiff's knowledge of danger is conflicting, the question of his contributory negligence is ordinarily one of fact for the jury. But where

plaintiff's own evidence clearly shows contributory negligence, it becomes matter of law for the court to declare, *Shoffner v. Schmerin*, 316 Pa. 323, 175 A. 516; *Lauerman et al. v. Strickler*, 141 Pa. Superior Ct. 240, 14 A. 2d 608. In the Lauerman case defendant's car was standing in the road in a dense fog. Plaintiff drove his car into defendant's automobile. His speed was too great to enable him to stop within the assured clear distance ahead. Judgment was entered for defendant n. o. v. In the *Shoffner* case, plaintiff drove his car into and through a fog bank. He saw defendant's truck moving slowly ahead of him. Plaintiff was unable to stop in order to avoid a collision. A verdict for plaintiff was reversed and judgment entered for defendant n. o. v. In the case now before us it was the *plaintiffs* who were seated in the parked car and it was *defendant's* truck which collided with plaintiff's automobile. Precisely the same principles of law apply. The issue is whether plaintiffs' alleged contributory negligence, in the circumstances, is matter of fact for the jury or matter of law for the court.

Mr. Chief Justice MAXEY, in *Shoffner v. Schmerin*, supra, said, p. 326: "For a truck to proceed, *on the proper side of the highway*, through a fog bank at a cautious rate of speed *or even to stand still there in a proper position for a reasonable length of time for any legitimate reason is not in itself negligence."* (Latter emphasis supplied.)

The scope of the inquiry, therefore, *as matter of fact or law*, is whether plaintiff's automobile was standing in a proper place or position, for a reasonable length of time and for any legitimate reason.

As this is a motion for judgment n. o. v., the evidence and inferences to be drawn therefrom must be regarded in the light most favorable to plaintiffs. It is not disputed that at the time of the accident it was before dawn

and while the fog was dense and the visibility poor. Defendant's negligence is not in question. That is conceded. The alleged contributory negligence of plaintiffs only is in issue.

A dispute of fact developed at the trial concerning the precise place where the accident happened. Plaintiffs testified that their car was parked *entirely off the highway* at a spot designated by an X on a photograph which they offered in evidence, and that defendant's truck ran off the highway to the place where they were parked. Defendant's witnesses, on the contrary, fixed the situs of the accident at a different point about half a mile distant from that testified to by plaintiffs and while plaintiff's automobile was *parked on the paved highway* in the line of travel. It thereupon became necessary for the jury to find *where* the accident occurred. Had plaintiffs parked entirely off the highway, as they testified, it is obvious that a much less measure of care would have been required on their part than if they were parked on a well travelled highway in a dense fog. As indicated by the Chief Justice in *Shoffner v. Schmerin,* supra, even parking *on* the highway might not be negligent *if for a reasonable length of time and for a legitimate reason.* In varying circumstances, such question could become either a question of fact for the jury or matter of law for the court.

The trial judge instructed the jury that in their deliberation they must *first* decide "where was the [plaintiff's] car when the truck hit it". The jury was directed to determine next whether it was contributory negligence for plaintiffs to remain in the car under the existing circumstances. The court submitted two interrogatories to the jury which they answered. The questions and answers were as follows: "1.—Did collision happen in the open space at the side of the road as described by plaintiff? Answer: No. 2.—Did colli-

sion happen on the highway at the place described by the defendant's truck driver? Answer: Yes."

Simultaneously with these answers, the jury brought in general verdicts for plaintiffs, fixing amounts of recovery.

The learned trial judge, who wrote the opinion for the court in banc refusing the motions for judgment n. o. v., said: "The special questions answered by the jury as to the place of the accident, and the jury's verdict in favor of plaintiff, raise an inconsistency which might easily afford grounds for a new trial, but defendant does not seek one."

But in the present case there was no conflict between the jury's answers to the special interrogatories and the general verdict. The charge of the court clearly stated the issue. The jury found *as a fact* that plaintiffs were parked on the paved highway *and in so doing were free from contributory negligence*. The pivotal inquiry therefore arises: does the evidence support the jury's *finding of fact* or does it establish contributory negligence as *matter of law?*

The learned trial judge in his charge, after thoroughly discussing the conflicting evidence as to the *place* of the accident, said that after the jury decided *where* the accident happened, they were to *"take up the question of what the [plaintiffs] were doing just before and at the time of the collision"*. He discussed section 1019, as amended, of The Vehicle Code (Act of May 1, 1929, P. L. 905, as amended, 75 PS, 611), requiring parked cars on paved or improved or main travelled highways to be clearly visible for a distance of 300 feet, and directed the jury to find whether or not plaintiff's parking was in violation of the statutory provision and whether or not the *"stopping was negligence upon the part of [plaintiff] Devlin under the circumstances"*. (Emphasis supplied.) As to plaintiff Ray, the guest passenger, the

question of fact left to the jury was *"whether or not there was contributory negligence on the part of Mr. Ray in remaining in [the automobile] under the circumstances that [they] find existed"*. (Emphasis supplied.) By their verdict for plaintiffs the jury, *as a fact,* found the plaintiffs free from contributory negligence. The record does not support the verdict.

It is undisputed that the fog was dense and visibility extremely poor. It was so bad that one plaintiff testified he could not see the white dividing line on the highway; they had an operating flash light; plaintiffs knew they were on a heavily travelled state highway; there was no claim of defect in the mechanism of the car, or that it was dangerous to move the automobile at all. Plaintiffs remained in the parked car on the busy highway from twenty to thirty minutes. The automobile, so parked, was in an obviously dangerous position, for no legitimate reason, and for an unreasonable length of time. Plaintiffs were clearly negligent and contributed to the accident.

Judgments reversed and here entered for defendant.

Mr. Justice DREW, Mr. Justice LINN and Mr. Justice JONES concur in the result.