Robert T. PARKER, Administrator of the
Estate of Joseph M. Gossner,
Deceased

v.

READING COMPANY, Appellant.

No. 15593.

United States Court of Appeals
Third Circuit.

Argued. Feb. 24, 1966.

Decided July 11, 1966.

Rehearing Denied Aug. 23, 1966.

John J. Dautrich, Philadelphia, Pa. (White & Williams, Philadelphia, Pa., on the brief), for appellant.

James E. Beasley, Philadelphia, Pa. (Sheldon L. Albert, Philadelphia, Pa., on the brief), for appellee.

Before HASTIE and SMITH, Circuit Judges, and KIRKPATRICK, District Judge.

HASTIE, Circuit Judge.

This negligence case arises out of a fatal accident in the City of Philadelphia. It is within federal jurisdiction solely because of diversity of citizenship. The plaintiff's claims are asserted under the

Pennsylvania Wrongful Death and Survival Acts, and the legal issues upon which this appeal turns are questions of Pennsylvania law.

In the trial court the decedent's administrator obtained judgment against the defendant Reading Railroad pursuant to a jury verdict for the plaintiff in the amount of $100,000. For purposes of this appeal, the railroad has raised and preserved two major points; first, that the record established recovery-defeating contributory negligence on the decedent's part as a matter of law, and second, that the trial court committed reversible error in the exclusion of certain medical testimony concerning a post mortem determination of the alcoholic content of decedent's blood and vital organs.

The record establishes certain important physical facts as to which there is no dispute. In one section of Philadelphia, a railroad track of the defendant runs along Front Street under the superstructure of an elevated street railway. The single track is in the center of the street. At about 1:40 A.M. on a February night the decedent was killed almost instantly when, proceeding north on Front Street under the "El" superstructure, he drove his automobile head-on into the defendant's locomotive which was on the defendant's track facing south. After impact, the momentum of the decedent's car carried it forward some 4 feet as it crumpled against the front of the locomotive. Before and at the time of the collision the locomotive was either standing still or proceeding south very slowing at a speed of 2 to 4 miles per hour. The locomotive stood 14 feet high and 10 feet wide.

In the vicinity of the collision, Front Street is a straight highway. As the decedent proceeded along that street toward the scene of the collision he drove up a slight grade for some 136 feet after passing the intersection of Poplar Street with Front, then continued over the crest of the rise and slightly downhill for nearly 80 feet to the point of collision. There was no visible evidence that the decedent's car either skidded or swerved before the collision.

Viewed in the light most favorable to the plaintiff, other evidence indicated that the night was very dark and that the nearest street light, 38 feet away, provided no substantial illumination at the point of collision and that the locomotive was silent and unlighted. The decedent's head lamps were lighted. As he drove, his car was straddling the east rail of the appellant's track so that the locomotive extended laterally for 5 feet into his path. Though Front Street is 34 feet wide, snow banks and a parked vehicle left insufficient space to the decedent's right for safely passing the locomotive.

■■ It is the railroad's contention that the above outlined facts establish the decedent's contributory negligence as a matter of law under the Pennsylvania doctrine of "assured clear distance". A Pennsylvania statute, codifying an earlier judge made rule,[1] expressly provides that "no person shall drive any vehicle, upon a highway * * * at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead". Vehicle Code of 1929, P.L. 905, sec. 1002(a), as amended, 75 P.S. § 1002(a). Under this statute, it is the duty of a motorist to "keep his car under such control that he can always stop within the distance that he can clearly see. This distance, of course, varies with the circumstances. * * * It may be long * * * or it may be extremely short".[2] The duty does not vary when the assured clear distance is shortened by the darkness of night,[3] or by the presence of fog and rain,[4] or by a curve in the road ahead[5] or, as in this case,

1. Simrell v. Eschenbach, 1931, 303 Pa. 156, 154 A. 369.

2. See Janeway v. Lafferty Bros., 1936, 323 Pa. 324, 327, 185 A. 827, 828.

3. Griffith v. Weiner, 1953, 373 Pa. 184, 95 A.2d 517.

4. Janeway v. Lafferty Bros., supra note 2.

5. Simrell v. Eschenbach, supra note 1.

by the crest of a hill.[6]  If the evidence permits no rational inference but that a collision resulted from failure so to control the car that it could be stopped within the assured clear distance ahead, however short, then the driver is contributorily negligent as a matter of law.[7]

■ The facts already mentioned compel the conclusion that the decedent either was driving in negligent violation of the assured clear distance rule or was guilty of an equally negligent failure to observe the road ahead and to see the large object looming in his path.[8]

In an effort to avoid this conclusion of contributory negligence as a matter of law, the appellee has cited and relied upon cases in which what may reasonably have appeared to be an assured clear distance ahead was suddenly shortened and obstructed by some not reasonably anticipated intrusion of another rapidly approaching or converging vehicle into the driver's path. Railroad crossing cases cited by the appellee are of this character.[9]  In contrast and much more like the present case, even a crossing case may involve a violation of the assured clear distance rule if a train is already occupying the crossing as an automobile approaches it.[10]

Similarly inapposite are cases involving collisions between meeting vehicles, one of which, traveling rapidly, suddenly veers to the wrong side of the road within an approaching driver's path. The approaching driver is not blameworthy if, maintaining his car under such control that he can stop in what to all appearance is an assured clear distance, he finds that distance shortened suddenly and in a way he has no reason to anticipate.[11]  In contrast again, the appellant's locomotive was at a standstill, or moving toward the decedent too slowly for its motion to shorten his assured clear distance ahead to any significant extent. Thus, on the present record one cannot rationally avoid the conclusion that this tragic accident resulted from the decedent's violation of his duty under the assured clear distance rule.

Since the evidence establishes the decedent's contributory negligence as a matter of law, judgment must be entered for the railroad.  Thus, it is unnecessary to decide whether the trial court erred in excluding post mortem evidence of the alcoholic content of the decedent's blood as evidence of intoxication.  However, we do observe that the district court seems to have been persuaded that under Pennyslvania law eyewitness testimony of conduct and condition at the time in question is the only way in which intoxication may be proved in a civil case.  We have examined the cases but have not been able to discover or infer such a rule.  The decision below should not be relied upon as authority for any so comprehensive a limitation on the method of proving intoxication.

The judgment will be reversed.

6.  Hogg v. Bessemer & Lake Erie R. Co., 1953, 373 Pa. 632, 96 A.2d 879; Stark v. Fullerton Trucking Co., 1935, 318 Pa. 541, 179 A. 84.

7.  Metro v. Long Transportation Co., 1956, 387 Pa. 354, 127 A.2d 716; Stark v. Fullerton Trucking Co., supra note 6.

8.  Cf. Sargeant v. Ayers, 1948, 358 Pa. 393, 57 A.2d 881.

9.  Johnson v. Pennsylvania R. Co., 1960, 399 Pa. 436, 160 A.2d 694; Baker v. Pennsylvania R. Co., 1952, 369 Pa. 413, 85 A.2d 416.

10.  Hogg v. Bessemer & Lake Erie R. Co., supra note 6.

11.  See, e. g., Long v. Penn. Truck Lines, Inc., 1939, 335 Pa. 236, 5 A.2d 224; Schofield v. Druschel, 1948, 359 Pa. 630, 59 A.2d 919; and compare McElroy v. Rozzi, 1961, 194 Pa.Super. 184, 166 A.2d 331.